**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, as Personal Representative of
the Estate of ABEL PORTILLO, Deceased,

        Plaintiffs,

v.                                        No. 17-CV-00922 KWR/JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, an Ohio Limited Liability Company,

        Defendant.

## PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OF OR REFERENCE TO CONSUMPTION OF ALCOHOL BY PLAINTIFF FELIPE MARTINEZ

        Plaintiffs, through undersigned counsel, McGinn, Montoya, Love & Curry, P.A, pursuant to Federal Rules of Evidence 401, 402, 403, ask the Court to exclude any reference by Defendant Continental Tire the Americas, LLC ("CTA") to Felipe Martinez having consumed alcohol the day before CTA's defective General Grabber tire blew out and caused a rollover crash.

## INTRODUCTION

        This is a case against Continental Tire the Americas, LLC, ("CTA"), the manufacturer of a defective tire that failed while in use on a work pickup truck Plaintiffs were using to get home to Texas, resulting in the death of Abel Portillo and severe injuries to the three surviving occupants of the truck. On February 18, 2016, Plaintiffs Felipe Martinez, Larry Munn, Jose Prieto, and Plaintiff's decedent, Mr. Portillo, were on their way home to Texas from their jobsite in New Mexico in a 2015 Ford F-350 Super Duty pickup truck pulling a trailer. The tire on the rear left side of the pickup truck was a General Grabber HTS light truck tire, designed and manufactured by CTA. As they drove east on U.S. Highway 70 east of Roswell, New Mexico, the tire underwent

the final stage of a catastrophic tread-belt separation, causing the tire to suddenly lose pressure. The driver, Plaintiff Felipe Martinez, attempted to bring the truck to a stop after the tire blew out, but it ultimately rolled over, causing the Plaintiffs' injuries and Mr. Portillo's death.

Before the crash, Mr. Martinez and the other occupants of the truck had been working as railroad repairmen on a jobsite near Roswell, New Mexico.  In his answers to CTA's First Set of Interrogatories, Plaintiff Felipe Martinez stated he drank between nine and 12 Keystone Light beers after work on the two nights before the crash.  **Exhibit 1**, Felipe Martinez Answer to CTA Interrogatory 17.  Mr. Martinez did not drink alcohol on the day of the crash.  *Id*.  On the day of the crash, Mr. Martinez and his work crew woke up, had breakfast, went to the jobsite, and finished their work.  *Id*.  They ate lunch in Roswell, went to a gas station to fill up their work pickup truck, and began driving home to Amarillo.  *Id.*  After the crash, the investigating State Police officer interviewed Mr. Martinez and the other occupants of the vehicle and confirmed Mr. Martinez had not consumed alcohol.  **Exhibit 2**, Crash Report Martinez, at 0002.  The investigating officer reconfirmed at his deposition that his investigation did not reveal any evidence of alcohol use. **Exhibit 3**, Schake dep. at 93:20-23.  Mr. Martinez also submitted to a blood test at the hospital on the day of the crash showing that his blood did not contain alcohol. **Exhibit 4**, UMCHS00675. CTA's crash reconstructionist did not discuss alcohol as a factor in causing the crash in his report. *See* **Exhibit 5**, Durisek Report.

## ARGUMENT

Only relevant evidence is admissible.  Fed. R. Evid. 402.  Relevant evidence is that which has any tendency to make the existence of a fact of consequence in determining the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  In pertinent part, Fed. R. Evid. 403 provides that the Court may exclude relevant evidence if its "probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Admissibility of evidence under Rule 403 is within the trial court's discretion, and its ruling will not be disturbed on appeal absent abuse of that discretion. *Shoppin' Bag of Pueblo, Inc. v. Dillon Cos.*, 783 F.2d 159, 165 (10th Cir. 1986).

The Court should exclude any reference to Mr. Martinez's drinking the day before the crash, as it is irrelevant to any issue in this case. There is no evidence that alcohol played any role in causing the crash that is the subject of this lawsuit. Mr. Martinez, the investigating police officer, and Mr. Martinez's medical records all confirm that alcohol was not a factor in causing the crash. CTA's crash reconstructionist has not identified alcohol as a factor in causing the crash. The fact that Mr. Martinez consumed beer the day before the crash is irrelevant and inadmissible.

Conversely, allowing CTA to introduce any information about Mr. Martinez consuming alcohol would be unfairly prejudicial because it would only serve to invite speculation by the jury as to whether alcohol played a role in causing the crash. This information would also inflame the passions of jurors who have negative views about consuming alcohol and lead to unfounded subjective speculations about how Mr. Martinez would have been affected on the day of the crash if he had consumed alcohol the night before. It would be impossible to fully counteract the prejudice that introduction of this irrelevant information my cause, but Plaintiffs would at the very least be required to call in the investigating officer to testify about his investigation, introduce the alcohol testing in Plaintiffs' medical records, and proffer an entire line of unnecessary evidence that will only sever to distract from the real issue in this case: whether CTA's tire became disabled due to a manufacturing or design defect.

Courts recognize that evidence of alcohol consumption is irrelevant in the absence of evidence linking it to the cause of a crash and must be excluded because of its highly inflammatory nature when that link does not exist. "[E]vidence of a drug or alcohol consumption is generally not admissible in an automobile-accident case unless there is also evidence of impairment that causes the accident …." *Patterson v. Brewer Leasing, Inc.*, 490 S.W.3d 205, 207 (Tex. App. 2016). In *Havens v. State*, for example, the plaintiff sued the State of Montana for failing to install as stop light, which he claimed caused the crash in which he was injured. 945 P.2d 941, 941 (Mont. 1997). The plaintiff had consumed alcohol on the day of the crash and had a .068 blood alcohol level. *Id.* The court permitted the defendant to introduce this evidence based on the state's promise that it would also provide evidence that the plaintiffs' alcohol contributed to cause the crash. *Id.* at 942. Because there was no evidence that alcohol contributed to cause the crash, and witnesses, including the investigating officer, had concluded alcohol was not a factor, the Montana Supreme Court held that the evidence should not have been admitted. "[T]he results of the toxicology report and evidence of Havens' alcohol consumption should have been excluded because, in the absence of testimony linking the evidence to the question of causation, it was irrelevant. Furthermore, the highly prejudicial nature of the evidence created a danger of confusion on the issue of causation." *Id.* at 944. The court further held that the trial court should have granted the plaintiff's motion for a new trial based on the admission of this irrelevant evidence and had abused its discretion in denying it. *Id.*

Even where a tortfeasor driver has alcohol in the blood at the time of a crash, the percentage of the alcohol content of the body fluids is relevant, "in the absence of a presumption, only when accompanied by expert opinion evidence of the effect thereof." *Tafoya v. Chapin*, No. A-01-1042, 2003 Neb. App. LEXIS 64, at *12-13 (Neb. Ct. App. Mar. 18, 2003) (citing *Sandberg v.*

*Hoogensen*, 266 N.W.2d 745 (Neb. 1978); *Raskey v. Hulewicz*, 177 N.W.2d 744 (Neb. 1970)).   In

Tafoya, the plaintiff's "offer of proof did not indicate that he would offer evidence to the effect

that [the defendant's] blood alcohol level would have on her conduct. Therefore, this evidence is

inadmissible even if evidence of alcohol consumption would otherwise be admissible." *Id.*, at *13.

*See also Fields v. Volkswagen of America, Inc.*, 1976 OK 106, 555 P.2d 48, 57 (Okla. 1976)

(evidence that plaintiff consumed alcohol and was driving at an excessive speed admissible *if these

factors caused plaintiff's injury*); *Kirkland v. General Motors Corp.*, 1974 OK 52, 521 P.2d 1353,

1366 (Okla. 1974) (evidence of alcohol consumption was relevant to causation *when it shows that

plaintiff's action rather than a product defect caused the injury*) (as cited by *Moody v. Ford Motor

Co.*, No. 03-CV-0784-CVE-PJC, 2006 U.S. Dist. LEXIS 82999, at *7-8 (N.D. Okla. Nov. 14,

2006)) (emphasis added).   Likewise, in *McKibben v. McCain*, 739 P.2d 71, 72 (Ore. 1987),

evidence that a plaintiff had consumed alcohol from 5:30 to 10:30 p.m. before a crash that

happened at 2:30 a.m. the following morning was admissible where the plaintiff had a .02 BAC

after the crash and had not slept for 19 ½ hours before the collision.   The court there agreed "there

must be some evidence that plaintiff was, in fact, affected by the alcohol at the time of the

collision," but found that "under the circumstances of this case there was sufficient evidence to

permit the jury to draw an inference that plaintiff was affected by the alcohol immediately before

the collision."   *Id.* at 72.

In this case, there is no evidence that will link Mr. Martinez's consumption of beer the day

before the tire-blowout crash to the cause of the crash.   Unlike in *McKibben*, Mr. Martinez had a

BAC of zero at the time of the crash.   Unlike the plaintiff in *Havens* who had been drinking on the

day of the crash and had a .068 BAC, Mr. Martinez did not consume alcohol on the day of the

crash.   There is no evidence that would permit the jury to reasonably draw an inference that Mr.

Martinez as affected by alcohol immediately before the collision.  The Court should exclude any reference to Mr. Martinez's drinking as it is irrelevant, has zero probative value, would be extremely prejudicial, and would cause a substantial waste of time and distract the jury from the important issues in this case.

**CONCLUSION**

For the foregoing reasons, the Court should exclude any reference by CTA to exclude any reference by CTA to Felipe Martinez consuming alcohol.

Date: February 28, 2020                                    Respectfully submitted,



*/s/ Mish Miera-Rosete*
Randi McGinn
Michael Sievers
Mish Miera-Rosete
201 Broadway Blvd. SE
Albuquerque, NM 87102
p: (505) 843-6161
f: (505) 242-8227
randi@mcginnlaw.com
mike@mcginnlaw.com
mish@mcginnlaw.com

*Attorneys for Plaintiffs Irma Martinez, Felipe Martinez, Larry Munn and Lee Hunt, as Representative of the Estate of Abel Portillo, deceased*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing brief to be filed with the Court electronically through the CM/ECF system on February 28, 2020, which caused all counsel of record to be served by electronic means as reflected in the Notice of Electronic Filing.

*/s/ Mish Miera-Rosete*
Mish Miera-Rosete

6
