# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

        Plaintiffs,

vs.                                    Case No. 1:17-cv-00922 KWR/JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, An Ohio Limited Liability Company

        Defendant.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER comes before the Court upon Defendant's Partial Motion for Summary Judgment on the issue of Aggravating Circumstances, filed on February 28, 2020 **(Docs. 314, 315)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken at this time and, therefore, is **DENIED.** Defendant may renew the motion at the close of evidence.

## BACKGROUND

        This case arises out of a single-vehicle accident allegedly resulting from the failure or blowout of a left rear Continental tire. Plaintiffs were injured in the incident and Abel Portillo died. Plaintiffs allege that manufacturing and design defects caused the tire blowout.

## LEGAL STANDARD

        A motion for summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996). To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

## DISCUSSION

Defendant requests that the Court declare that Plaintiffs are not entitled to compensatory damages for aggravating circumstances under the New Mexico Wrongful Death statute. Specifically, Defendant argues that no evidence exists to support damages for aggravating circumstances under the New Mexico Wrongful Death statute. Here, viewing the facts in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have created a genuine dispute of material fact as to whether aggravating circumstances existed. Therefore, the Court denies the motion.

**I.      Aggravating Circumstances in Wrongful Death Statute and Instruction.**

New Mexico law allows the personal representative of a wrongful death estate to recover compensatory damages on behalf of the estate. N.M. Stat. Ann. § 41-2-3. N.M. Stat. Ann. § 41-2-3 and New Mexico Uniform Jury Instruction 13-1830 provide that the jury may consider, as part of compensatory damages, the "mitigating or aggravating circumstance attending the wrongful act, neglect, or default." Neither the statute nor the instruction define aggravating circumstances.

Generally, "[t]he purpose of compensatory damages is to make the injured party whole by compensating it for losses." *Cent. Sec. & Alarm Co. v. Mehler*, 1996-NMCA-060, ¶ 11, 121 N.M. 840, 918 P.2d *1340, quoted in Morga v. Fedex Ground Package Sys., Inc.*, 2018-NMCA-039, ¶ 12, 420 P.3d 586, 593, *cert. granted* (June 4, 2018).

However, New Mexico law is clear that compensatory damages under the wrongful death statute also further the purpose of deterrence. *Folz v. State*, 1990-NMSC-075, ¶ 26, 110 N.M. 457 ("The statutes allowing damages for wrongful act or neglect causing death have for their purpose more than compensation. It is intended by them, also, to promote safety of life and limb by making negligence that causes death costly to the wrongdoer.") (emphasis added) (quoting *Stang v. Hertz Corp.*, 1969-NMCA-118, 81 N.M. 69). This is so even when punitive damages are unavailable. *Id*. ("Under our fault system, there is a policy of deterrence associated with responsibility for compensatory damages. This fact is at the heart of fault versus no-fault policy considerations. It is a question separate from that of punitive damages.").

The Court notes that the New Mexico wrongful death statute is *"sui generis,"* and the Court is otherwise guided by the standards and policy considerations set forth in *Folz v. State*, 1990-NMSC-075, ¶ 26, 110 N.M. 457, 467, 797 P.2d 246, 256, as quoted above. Thus, in analyzing whether a reasonable jury could find aggravating circumstances, the Court will consider whether any facts could support an award of damages for deterrence, *i.e*. "to promote safety of life and limb

by making negligence that causes death costly to the wrongdoer." *Id., quoting Stang v. Hertz Corp.,* 81 N.M. at 350–51, 467 P.2d at 16–17.

Although Plaintiffs seek damages for aggravating circumstances, the use notes for NM UJI 13-1830 provide that "the personal representative may not always record each of the elements of damages depending upon the evidence produced at trial… only those elements supported by the evidence are to be included in the instruction given the jury."

## II. **Plaintiffs created a genuine dispute of material fact as to the existence of aggravating circumstances.**

Viewing the facts in the light most favorable to Plaintiffs, the Court concludes that a reasonable jury could find aggravating circumstances. Although Defendant ably disputes Plaintiffs' facts, the Court concludes that Plaintiffs' factual assertions are generally supported in the record.

Defendant is alleged to have been negligent in manufacturing and designing defective tires, which allegedly caused a blowout and the rollover of a pickup truck, killing Abel Portillo. **Doc. 343, Plaintiffs' Facts, ¶ 1-12**. The Court finds these facts generally supported in the record. Assuming a manufacturing defect claim exists at all, a reasonable jury could conclude that there were aggravating circumstances in the negligence that resulted in Mr. Portillo's death and the Plaintiffs' injuries. A reasonably jury could look at the alleged cause of the blowout, the blowout itself, and resulting damages and injuries, and find aggravating circumstances warranting damages for deterrence. *Id.* For example, Plaintiffs assert that contamination in the manufacturing process contributed to the blowout. A reasonable jury could conclude that the alleged contamination in the manufacturing process, *Id.* **¶ 6-10**, and the alleged steps taken to prevent such contamination, *Id.* **¶ 13-14**, are aggravating circumstances meriting damages.

4

Moreover, under Plaintiffs' disputed but supported facts, a reasonable jury could conclude that quality control issues with along with profit motives resulted in defective tires reaching the market. *Id.* ¶ **13-16.** If admitted at trial, a reasonable jury could conclude that damages for aggravating circumstances are needed to adequately deter Defendant from valuing production numbers over safety.

The Court notes that this motion may be premature. The motion asks the Court to rule on whether aggravating circumstances could exist in the abstract without listening to all the evidence presented to a jury. It is difficult, at this time, to consider the factual assertions piecemeal and determine whether the evidence would support damages for aggravating circumstances. NM UJI 13-1830 (use notes) (court should only issue an aggravating circumstances jury instruction if it is supported by evidence admitted at trial). Therefore, Defendant may renew this motion at the close of evidence, if appropriate.

## CONCLUSION

Plaintiffs have created a genuine dispute of material fact as noted above, and a reasonable jury could find aggravating circumstances. Moreover, Defendant may renew this motion at the close of evidence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (**Docs. 314, 315**) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE