IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
————————————

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

      Plaintiffs,

vs.                                                 Case No. 1:17-cv-00922 KWR/JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, An Ohio Limited Liability Company

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion *in Limine* to Exclude Evidence or Argument Regarding Seat Belt use or non-use and to Exclude Defendant CTA's Biomechanical Expert, filed on December 23, 2019 **(Doc. 255)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is **GRANTED IN PART.**

### BACKGROUND

This case arises out of a single-vehicle accident allegedly resulting from the failure or blowout of a left rear Continental tire. Defendant is the tire manufacturer. Plaintiffs were injured in the incident and Abel Portillo died. Plaintiffs allege that manufacturing and design defects caused the tire blowout.

### DISCUSSION

Plaintiffs seek to exclude all evidence or reference to the use or non-use of seat belts. Defendant gives multiple cogent reasons why such evidence should be admitted. Nevertheless, the Court finds that New Mexico and Tenth Circuit law require exclusion at trial of any mention of the use or nonuse of seat belts.

## I.     NMSA § 66-7-373(A)[1] applies and bars introduction of evidence of nonuse of seat belts.

The Seat Belt Use Act requires "each occupant of a motor vehicle having a gross vehicle weight of ten thousand pounds or less ... shall have a safety belt properly fastened about his body at all times…." NMSA 1978 § 66-7-372(A) (emphasis added). "'Gross vehicle weight' means the weight of a loaded vehicle[.]" NMSA § 66-1-4.7(D).

NMSA § 66-7-373(A) provides that "[f]ailure to be secured by a child passenger restraint device or by a safety belt as required by the Safety Belt Use Act shall not in any instance constitute fault or negligence and shall not limit or apportion damages." NMSA § 66-7-373(A). Although the plain language of the statute appears to bar the use of evidence of seat belt nonuse, Defendant asserts that it does not apply here because the Ford F-350 at issue weighed more than 10,000 pounds. The Court disagrees.

The parties have presented evidence of the weight of the F-350. The parties have not requested a hearing or shown cause why one is necessary to resolve this issue. D.N.M.LR-Civ. 7.6 ("a motion will be decided on the briefs unless the court sets oral argument"). The parties have also not argued why the Court should not consider the attached exhibits. Therefore, the Court looks to the exhibits provided by the parties.

---

[1] The parties do not appear to dispute that New Mexico law applies as to whether seat belt evidence should be excluded from trial. **Doc. 264 at 5 n.5.**

2

The Court finds that the vehicle at issue likely weighed under 10,000 pounds. It appears to be undisputed that the curb weight of the vehicle was 7,390 pounds. The occupants weighed a total of 834 pounds. Finally, the trailer tongue weighed 300 pounds. At issue is the weight of the equipment loaded into the vehicle. Defendant estimates the vehicle weighs approximately 10,170 pounds by estimating the likely weight of the equipment loaded in the vehicle.

The Court does not find Defendant's estimation of the weight of the motor vehicle persuasive. First, Plaintiff's expert stated he *overestimated* the weight to show that the vehicle was unlikely loaded beyond the gross vehicle weight restriction. **Doc. 264-1 at 6.** Second, Defendant's expert Glennon concluded that the truck weighed approximately 9,515 pounds. **Doc. 281-2, Ex. 2 at 4.** Finally, the vehicle at issue was not weighed and the weight of the equipment loaded therein was estimated.

Weighing this evidence, the Court concludes that it is more likely than not that the F-350 at issue weighed less than 10,000 pounds.[2] Therefore, the Court concludes that NMSA § 66-7-373(A) applies and bars use of seat belt evidence to determine "fault or negligence and shall not limit or apportion damages." NMSA § 66-7-373(A).

II. **Evidence of use or nonuse of seat belt is otherwise inadmissible.**

Alternatively, even if the F-350 weighed more than 10,000 pounds and NMSA § 66-7-373(A) did not expressly bar evidence of the nonuse of seat belts, New Mexico law is clear that evidence of nonuse of seat belts is simply inadmissible. *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1084 (10th Cir. 2010) (as to sleeper safety net in commercial motor vehicle, which is not

---

[2] The parties did not provide the standard for determining preliminary factual questions bearing on the admissibility of the evidence. The Court assumes it is by the preponderance of proof. *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S. Ct. 2775, 2778, 97 L. Ed. 2d 144 (1987) ("We are therefore guided by our prior decisions regarding admissibility determinations that hinge on preliminary factual questions. We have traditionally required that these matters be established by a preponderance of proof.")

covered by NMSA § 66-7-373, Tenth Circuit held that New Mexico law is "clear: specific evidence of the nonuse of seat belts is simply inadmissible,"), *quoting in part Norwest Bank New Mexico v. Chrysler Corp.,* 127 N.M. 397, 981 P.2d 1215, 1224 (Ct.App. 1999) (although statute only required seat belt use in front seats, court similarly excluded evidence of nonuse of seat belts in rear passenger seats). These two cases both held that New Mexico law barred evidence of nonuse of seat belt, even when the Seat Belt Use Act did not apply. *Id.* Therefore, the Court concludes that New Mexico law bars evidence of the nonuse of seat belts in this case.

Even before § 66-7-373(A) was enacted, "a common law duty to wear a seat belt did not exist …and with the enactment of this statute the legislature specifically declined to make failure to wear a seat belt the basis for negligence or fault. Therefore, the statute does not affect the substantive rights of defendants or plaintiffs. In New Mexico, there never was a "seat belt defense" and there still is not a "seat belt defense." *Mott v. Sun Country Garden Prod., Inc.*, 1995-NMCA-066, ¶ 14, 120 N.M. 261, 265, 901 P.2d 192, 196; *Norwest Bank*, 981 P.2d at 1223–24 ("In sum, the common law of New Mexico does not impose any duty to wear seat belts, and the statutory duty imposed on front seat occupants cannot form the basis for either liability or apportioning damages in a civil lawsuit. After *Mott* and *Thomas II,* specific evidence of the nonuse of seat belts is simply inadmissible in New Mexico's civil trials."). The Seat Belt Use Act did not modify this common law rule. *Norwest Bank*, 981 P.2d at 1224.

The Seat Belt Use Act was enacted following the New Mexico Supreme Court's decision in *Thomas*, which concluded that no common law duty to wear a seat belt existed, and such evidence was inadmissible. *Norwest Bank*, 981 P.2d at 1223 (recounting history of admissibility of seat belt use in New Mexico), *citing Thomas v. Henson,* 102 N.M. 326, 327, 695 P.2d 476, 477 (1985)*.* The New Mexico Supreme Court left the creation of any duty to wear a seat belt up to the

4

legislature. *Id.* The New Mexico legislature subsequently enacted the Seat Belt Use Act and declined to allow the admission of evidence of seat belt use. *Id.*

Defendant argues that because the Seat Belt Use Act does not cover commercial motor vehicles, the legislature intended for seat belt use to be admissible as to those vehicles. The Court disagrees. New Mexico law is clear that there is no common law duty to wear a seat belt, and there is no evidence that the legislature intended to allow the admission of seat belt use in commercial motor vehicles through the Seat Belt Use Act. *Norwest Bank,* 981 P.2d at 1224 ("The Act in one sense simply leaves unchanged the common-law rule that there is no duty to wear seat belts. If there is no duty, specific evidence of use or nonuse is irrelevant to any issue in the case, in particular apportionment of damages.").

As recently as 2010, the Tenth Circuit affirmed exclusion of evidence of seat belt use in a case involving a commercial motor vehicle in which the Seat Belt Use Act did not apply. The Tenth Circuit "not believe that New Mexico courts would permit the introduction of evidence regarding this particular passenger safety restraint." *Frederick*, 616 F.3d at 1084. The Tenth Circuit noted that "New Mexico law is clear: specific evidence of the nonuse of seatbelts is simply inadmissible." *Frederick*, 616 F.3d at 1084 (quoting *Norwest Bank N.M., N.A. v. Chrysler Corp.*, 1999-NMCA-070, 127 N.M. 397) (internal quotation marks omitted). The Court finds this published Tenth Circuit case on point and concludes that evidence of nonuse of seat belts is inadmissible even if the Seat Belt Use Act does not apply.

Defendant argues that the New Mexico Supreme Court has since overruled these cases. The Court disagrees. Defendant cites to *Rodriguez v. Del Sol Shopping Center Assoc., L.P*., 2014-NMSC-014, ¶¶ 3, 25, 326 P.3d 465, 468, 474 (overruling "prior cases insofar as they conflict with this opinion's clarification of the appropriate duty analysis in New Mexico" and holding "courts

must articulate specific policy reasons, unrelated to foreseeability considerations, when deciding whether a [party] does or does not have a duty or that an existing duty should be limited"). That case did not address the admissibility of evidence of the use of seat belts. Rather, it overruled cases that relied on a foreseeability analysis when determining duty. *Id*. Nothing in *Rodriguez* suggests that the New Mexico Supreme Court intended to create the duty to wear a seat belt.

Defendant also argues Plaintiffs may open the door to cross-examination on seat belt use through the testimony of their expert witness Brian McDonald. Plaintiffs' expert will testify about the value of a statistical life. Defendant asserts that this value incorporates risky behavior, including tendency to wear a seat belt. At this time, the Court declines to rule that Plaintiffs have opened the door to cross-examination on the nonuse of seat belts. As explained above, New Mexico law is clear that failure to wear a seat belt cannot factor into the award or apportionment of damages. In other words, the New Mexico legislature and judiciary have made the policy choice to not lower the amount of damages because of a victim's risky decision to not wear a seat belt. Therefore, the Court at this time is not inclined to allow any cross-examination bearing on seat belt use.

Finally, Defendant argues that the New Mexico Motor Carrier Act imposed a duty on Trac-Work, the victims' employer to follow safety rules and act with ordinary care. NMSA 1978 §§ 65-3-1 *et seq.* However, Defendant has not cited to any statute therein that would specifically overrule the common law exclusion of seat belt evidence.

Defendant seeks to introduce evidence that the victims' employer, Trac-Work, failed to follow safe practices as to the operation of the vehicle. Plaintiffs did not address this argument, so the Court will not exclude all evidence that Trac-Work failed to exercise care to keep Mr.

Portillo safe. However, the Court will carefully circumscribe any evidence to prevent admission of the nonuse of seat belts.

### III. Expert testimony of Mr. Wheeler.

Plaintiffs also seek to exclude the testimony of Defendant's expert Jeffrey Wheeler. Plaintiffs do not appear to be raise a *Daubert* issue. Rather, they assert that he should be excluded because he will testify about seat belt use. As explained above, under New Mexico law an expert witness may not testify that a plaintiff's injuries or death were caused by failure to wear a seat belt. *See Mott*, 1995-NMCA-066, ¶ 22. Defendant admits that Wheeler will testify that "passengers who are not ejected during a rollover accident experience fewer and less severe injuries and are more likely to survive." **Doc. 264 at 2.** Mr. Wheeler's report discusses the different forces at play when someone is ejected from a vehicle or not ejected, and the effectiveness of seat belt use. **Doc. 255-1 at 10-20.**

New Mexico courts have refused to allow expert testimony that injuries would have been less severe had the decedent been wearing a seat belt. *Mott v. Sun Country Garden Prod., Inc.*, 1995-NMCA-066, ¶ 24, 120 N.M. 261, 267, 901 P.2d 192, 198 (refusing expert testimony where "Defendant's argument is that Michael would have suffered less severe injuries had he used his seat belt."). Therefore, the Court will exclude any testimony by Mr. Wheeler that discusses the nonuse of seatbelts, or that Mr. Portillo would have experienced lesser forces had he not been ejected.

However, the Court acknowledges that Plaintiffs will likely seek to introduce evidence on pain and suffering. Defendant will offer the testimony of a medical examiner on Mr. Portillo's injuries. However, Defendant will also offer Mr. Wheeler's testimony on the forces applied to the body during an accident.

7

Plaintiffs raise narrow objections to Mr. Wheeler's testimony. Plaintiffs did not cite to *Daubert* or Fed. R. Evid. 702. Therefore, the Court finds that they are not raising a *Daubert* motion. The Court will not address *Daubert sua sponte* in this opinion as to do so is prejudicial to the parties.

Rather, in one sentence Plaintiffs assert that Mr. Wheeler is not qualified to give a medical opinion. Based on the record before the Court, including Mr. Wheeler's report and *curriculum vitae*, it does not appear that Mr. Wheeler is offering a medical opinion. Rather, biomechanics is "the study of the action of external and internal forces on the living body, especially on the skeletal system." *Tuato v. Brown*, 85 F. App'x 674, 677 (10th Cir. 2003). "Biomechanical experts have extensive knowledge about how human bodies move when forces are applied to them and thus may provide testimony as to how vehicle occupants move and are impacted in vehicular accidents." *Ingraham v. KIA Motors America, Inc.,* 2007 WL 2028940 W.D.Okla., n. 12 (*citing Nash v. General Motors Corp.,* 153 P.3d 73, 75, n. 1 (Okla. Civ.App.2006)). "Biomechanical testimony can offer, distinct from medical opinions, testimony concerning the biomechanical forces and relationship between these forces and the medical opinions of the medical experts." *Finn v. BNSF Ry. Co.*, No. 11-CV-349-J, 2013 WL 462057, at *2 (D. Wyo. Feb. 6, 2013), *quoted in Berry v. Transportation Distribution Co.*, No. 12-CV-488-JED-FHM, 2013 WL 6271605, at *2 (N.D. Okla. Dec. 4, 2013). The Court finds that biomechanics, in general, does not encroach into medical opinion territory. In their motion, Plaintiffs have not identified which specific testimony would impermissibly provide medical opinion.

Plaintiffs also assert that the remainder of Mr. Wheeler's testimony is irrelevant. The Court finds that the description of forces suffered by Mr. Portillo may be relevant to the jury's determination of pain and suffering damages.

Therefore, the Court will allow Mr. Wheeler to testify on limited grounds about the forces following ejectment. However, the Court will not allow Mr. Wheeler to testify about the nonuse of seat belts and how the use of a seatbelt would have changed the forces applied to Mr. Portillo.

## CONCLUSION

Evidence or argument bearing on the use or nonuse of seat belts is inadmissible under New Mexico law, whether or not the Seat Belt Use Act applies. The Court will exclude testimony of Mr. Wheeler to the extent it mentions seat belt use.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine **(Doc. 255)** is **GRANTED IN PART.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE