IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

      Plaintiffs,

vs.                                              Case No. 1:17-cv-00922  KWR/JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, An Ohio Limited Liability Company

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion *in Limine* to Exclude Evidence or Reference to Consumption of Alcohol by Plaintiff Felipe Martinez, filed on February 28, 2020 (**Doc. 324**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is **GRANTED.**

## BACKGROUND

This case arises out of a single-vehicle accident allegedly resulting from the failure or blowout of a left rear Continental tire. Defendant is the tire manufacturer. Plaintiffs were injured in the incident and Abel Portillo died. Plaintiffs allege that manufacturing and design defects caused the tire blowout.

Plaintiff Felipe Martinez drove the F-350 at issue at the time of the crash. He drank between nine to twelve light beers the day before the accident. The accident occurred around noon

the next day.  On the day of the accident, Plaintiff Felipe Martinez worked at the railroad track jobsite in the morning.

## DISCUSSION

Plaintiffs seek to exclude all evidence that the driver, Felipe Martinez, drank alcohol the day before the crash.  The Court will exclude any evidence of alcohol consumption the day before the accident as irrelevant and speculative, because Defendant produces no evidence that Plaintiff Felipe Martinez had alcohol in his system at the time of the crash.  To the extent any evidence of his drinking the night before is relevant, the Court excludes it as unfairly prejudicial under Fed. R. Evid. 403.

I.      **Evidence of Alcohol Consumption the day before is irrelevant and speculative.**

Plaintiffs assert that there is no evidence that Felipe Martinez had alcohol in his system at the time of the crash.  They assert that any evidence that Felipe Martinez drank alcohol the day before is irrelevant to any issue on product liability or causation.  The Court agrees.

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have "*any* tendency" to do so. *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir.2007) (emphasis added). The standard for relevance is liberal. *United States v. Leonard,* 439 F.3d 648, 651 (10th Cir.2006) ( "Rule 401 is a liberal standard."); *see also United States v. Cerno,* 529 F.3d 926, 934 n. 5 (10th Cir.2008) ("[T]he threshold for relevance under the Federal Rules of Evidence is not a high one.").

Defendant proposes to introduce the following evidence. Defendant asserts that Officer Schake and Mr. Durisek will provide testimony that an attentive, unimpaired or non-drowsy driver should have been able to control the vehicle following the tire blow-out to prevent a roll over. Officer Schake noted in his report that Felipe Martinez had not consumed alcohol, and also testified that there was no evidence of alcohol use. **Doc. 324-2 at 2; Doc. 324-3 at 2.** Although Officer Schake testified that inattention or drowsiness *may* have played a role in the accident, **Doc. 339-1 Ex. A at 19**, that is far from evidence of inebriation. Based on his report and deposition testimony, it appears that Dr. Durisek will not opine that any impairment played a role in the accident. **Doc. 324-5; Doc. 357, Ex. 4.**

Plaintiffs assert they will provide the following evidence: (1) none of the passengers or witnesses indicated that Mr. Martinez was hungover, drunk or tired on the day of the crash; (2) the officer who investigated the crash and interviewed Mr. Martinez concluded that he was unimpaired by alcohol; (3) Mr. Martinez had zero alcohol in his blood when he was tested at the hospital at approximately 3:00 p.m.; (4) Defendant has not proposed any expert testimony to establish that Mr. Martinez would have had any alcohol in his blood at the time of the crash; and (5) the police report did not indicate that Mr. Martinez was impaired.

Defendant asserts that the jury should be allowed to infer that Felipe Martinez had alcohol in his system because he did not control the vehicle. The Court finds that Defendant merely speculates that Felipe Martinez had alcohol in his system. Nothing Defendant offers in the response **(Doc. 339)** is relevant to whether Plaintiff Martinez was impaired or had alcohol in his system at the time of the crash.

Rather, it appears that Defendant would invite the jury to merely speculate that Mr. Martinez was impaired at the time of the crash because he was drinking the day before. *See, e.g.,*

*Nguyen v. Honda Motor Co.*, 173 F.3d 864 (10th Cir. 1999) (unpublished) (although there was evidence that defendant drank alcohol day before, "plaintiffs' appellate arguments are based solely on speculation and conjecture. No evidence supports their allegations that Mr. Sheetz was too exhausted to react in a reasonably prudent manner… that he was under the influence of alcohol at the time of the collision."). Without any direct evidence of alcohol use, an extrapolation that someone was *still* intoxicated long after drinking alcohol often takes the form of expert testimony. *Wallis v. Carco Carriage Corp.*, 124 F.3d 218, 1997 WL 580498 at *7-8 (10th Cir. 1997); *State v. Downey*, 2008-NMSC-061, ¶ 37, 145 N.M. 232, 241, 195 P.3d 1244, 1253 (concerning expert testimony on retrograde extrapolation, i.e. calculating an individual's blood alcohol content level on basis of subsequently administered BAC test); *Havens v. State*, 285 Mont. 195, 200, 945 P.2d 941, 944 (1997) ("the… evidence of Havens' alcohol consumption should have been excluded because, in the absence of testimony linking the evidence to the question of causation, it was irrelevant. Furthermore, the highly prejudicial nature of the evidence created a danger of confusion on the issue of causation."). There is no such testimony here to assist the jury in determining whether Plaintiff Felipe Martinez was impaired at the time of the crash.

Therefore, the Court finds that any evidence of alcohol use the day before the accident appears to be irrelevant to any products liability issue or causation.

**II.     Unfair Prejudice Fed. R. Evid. 403.**

Plaintiffs alternatively assert that the evidence or reference to alcohol use the night before should otherwise be excluded under Fed. R. Evid. 403. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. Evidence is not unfairly

prejudicial merely because it damages a party's case. *See United States v. Caraway,* 534 F.3d 1290, 1301 (10th Cir.2008); *United States v. Curtis,* 344 F.3d 1057, 1067 (10th Cir.2003); *United States v. Martinez,* 938 F.2d 1078, 1082 (10th Cir.1991). Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " *United States v. Caraway,* 534 F.3d at 1301 (quoting Fed.R.Evid. 403 advisory committee's notes).

Defendant asserts that evidence of alcohol use the night before is relevant because it shows that Defendant violated (1) federal regulations (2) his employer's policies.  Defendant also asserts that alcohol use affects Felipe Martinez's credibility.  Regulations pertaining to the Federal motor Carrier Safety Act forbid driving after using alcohol or being under the influence of alcohol "within 4 hours before going on duty or operating… a commercial motor vehicle."  49 CFR 392.5(a)(1). Defendant does not propose any evidence that Plaintiff was under the influence of alcohol within four hours before going on duty….  Defendant also assert that Felipe Martinez violated his employer's policy by drinking in the motel room.

From the proffer of evidence, it is unclear at this time how this alcohol use is relevant to any products liability issue or causation.  To the extent it is relevant, the Court finds that its probative value is substantially outweighed by the risk of unfair prejudice.  Fed. R. Evid. 403.  If Defendant's proposed evidence is introduced, the jury would likely speculate that he was still intoxicated at the crash, when Defendant has no evidence, expert or otherwise to show that he was.

## CONCLUSION

Evidence of alcohol use the prior day appears to be irrelevant at this time to any issue at trial and is therefore inadmissible.  To the extent it is relevant, the Court finds that its probative value is substantially outweighed by the risk of unfair prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion in Limine **(Doc. 324)** is **GRANTED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE