# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

        Plaintiffs,

vs.                                                                                Case No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, An Ohio Limited Liability Company

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Strike Defendant's Notice of Errata, filed on June 18, 2020 (**Docs. 441, 444**).  Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is not well-taken in part and, therefore, is **DENIED IN PART.**  Although the Court will not strike the Notice of Errata, the Court refers the discovery issues raised in the briefing to United States Magistrate Judge John F. Robbenhaar to determine (1) whether discovery should be reopened or whether another remedy is appropriate; (2) whether any confidentiality issues as to discovery exist; and (3) any other discovery or pre-trial scheduling matter he deems appropriate.

Defendant filed a Notice of Errata pertaining to two pending motions, (1) Defendant's partial motion for summary judgment on punitive damages (**Docs. 310, 311**), and (2) Defendant's motion to exclude Mr. Carlson's testimony (**Docs. 307, 321**).

The Notice of Errata corrected a few facts in those motions.  The Notice of Errata provided that the production data previously disclosed was incomplete and significantly understated the total number of tires produced.  However, all adjustments, property damage claims, and personal injury claims were produced.[1]  The new disclosure results in an adjustment rate eight times lower than previously calculated.

Plaintiffs argue that the Notice of Errata should be stricken because (1) it is untimely and (2) they were prejudiced.  Plaintiffs did not refer to any specific legal standard.  The Federal Rules of Civil Procedure appear to contemplate that errors in disclosure be corrected. Fed. R. Civ. P. 26(e) provides:

> **(e) Supplementing Disclosures and Responses.**
> **(1) *In General.*** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission-- must supplement or correct its disclosure or response:
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e).  Supplementation under the Rules "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006), *quoting Keener v. United States,* 181 F.R.D. 639, 640 (D.Mont.1998); *see Beller v. United States,* 221 F.R.D. 689, 694–95 (D.N.M.2003).  The error was discovered in the course of producing

---

[1] an adjustment:
"refers to a credit a tire manufacturer gives when a tire is returned under warranty. It is a commercial concession that a tire manufacturer makes through a dealer or a sales representative to a customer. In other words, adjustments are business transactions related to customer satisfaction. Tires are adjusted for a variety of conditions in order to enhance consumer satisfaction."
*See* **Doc. 454**, Ex. 2, V. Hildebrand Dec. at ¶ 37.

discovery responsive to a motion to compel.  The Court has no reason to doubt that the failure to disclose this data was an inadvertent mistake, and Plaintiffs do not argue or show cause otherwise. Here, the Court finds that the new disclosures are an appropriate correction under Fed. R. Civ. P. 26(e) and was done in a timely manner after discovering the error.

Fed. R. Civ. P. 37(c) provides:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).  The Court concludes that Rule 37(c) is not applicable because Defendant timely supplemented after it discovered the error.  To the extent Rule 37(c) is applicable, the Court finds that any failure to disclose was substantially justified or harmless, as explained below.

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).   "Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*  The Court analyzes the factors as follows.

It is unclear at this point how Plaintiffs are prejudiced.  The adjustment rate already appeared to be low – as acknowledged by their expert Mr. Carlson.  Plaintiffs' theory of the case and in the motions is that the tires were defective, and punitive damages warranted, despite the original low adjustment rate. Plaintiffs argue that this new disclosure affects several motions already on file. However, they did not rely on a high adjustment rate in their briefing on the punitive damages motion or in Mr. Carlson's expert report.  As explained below, the Court will allow the parties to refile the motions to remedy any prejudice.

Plaintiffs argue that allowing this corrected disclosure would undermine years of discovery.  They argue that "Plaintiffs have [not] had any ability to investigate why this data was missing, why there were multiple article numbers associated with this tire, and most importantly, whether there are additional missing data that should be included in the adjustment documents CTA produced that were limited to only one article number." **Doc. 444 at 6.**  However, it is not clear from the record how this late disclosure altered any legal or factual issue in this case. Plaintiffs do not explain how the new adjustment data would change their argument on any pending motion in this case.  Rather, Plaintiffs appear to simply seek to verify the data provided by Defendant.

The Court notes that the disclosure, from the record before the Court, appears to be harmless and any prejudice can likely be cured.  The Court will allow the substantive motions to be refiled.  As explained below, to the extent the magistrate judge finds that Plaintiffs have been prejudiced, the magistrate judge can likely fashion an appropriate remedy, such as a limited reopening of discovery.

Moreover, the new disclosure would not substantially disrupt trial.  Trial has not been scheduled yet in this case because of the extensive motions practice.  Any appropriate remedy

could likely be fashioned without disrupting trial. Finally, the Court sees no gamesmanship in the disclosure and no evidence of bad faith.  Plaintiffs do not appear to argue bad faith.

To the extent that Plaintiffs argue that the new disclosure is inadmissible, the Court disagrees and finds that it was produced by Defendant's computer database which qualifies as a business record.  Fed. R. Evid. 803(6); *McClendon v. Challenge Financial Investors Corp.*, 1:08CV1189, 2009 WL 589245 at *4 (N.D. Ohio March 9, 2009). "To satisfy Rule 803(6) the inventory records must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made were trustworthy." *United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008).  Here, Defendant provided a sufficient record indicating that the computer database was prepared in the normal course, made  near the time of the events record, was made on personal knowledge of a person who had duty to transmit information, and the sources, methods, and circumstances by which the record was made were trustworthy. *See* **Doc. 454-1, 454 at 9.**

Therefore, the Court denies Plaintiffs' Motion to Strike Notice of Errata and will not exclude the newly disclosed evidence.  However, Plaintiffs request that the Court reopen discovery.  The Court refers the discovery issues raised in the briefing to United States Magistrate Judge John F. Robbenhaar to determine (1) whether discovery should be reopened; (2) whether any other remedy is necessary; (3) whether there any confidentiality issues; and (4) any other discovery or pre-trial scheduling matter Magistrate Judge Robbenhaar deems appropriate.

However, the Court is not willing to rule on the (1) motion for punitive damages or the (2) motion to exclude testimony of Dennis Carlson because the record is incomplete and argument

undeveloped.  Because the Court is not excluding the newly disclosed evidence, the Court acknowledges that new briefing on these motions may be necessary.

Moreover, the parties do not clearly explain how the new adjustment data affects their argument in the motions.  Therefore, the Court will deny the punitive damages motions **(Docs. 310, 311)** and motion to exclude Mr. Carlson's testimony **(Docs. 307, 321) without** prejudice to refiling.  The parties may refile the motions after Magistrate Judge Robbenhaar rules on the discovery issues.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant's Notice of Errata **(Docs. 441, 444)** is **DENIED IN PART.**

**IT IS FURTHER ORDERED** that discovery and pretrial scheduling matters, as specified above, are **REFERRED** to United States Magistrate Judge John F. Robbenhaar.

**IT IS FURTHER ORDERED** that the punitive damages motions **(Docs. 310, 311)** and motions to exclude Mr. Carlson's testimony **(Docs. 307, 321)** are **DENIED WITHOUT PREJUDICE.**  The parties may file new motions taking into account any new disclosures as appropriate.

**IT IS FINALLY ORDERED** that Defendant's Motion for Leave to File Surreply **(Doc. 472),** Defendant's Motion to Seal **(Doc. 473)** and Plaintiff's Unopposed Motion for Leave to File Amended Reply **(Doc. 475)** are **GRANTED.**  The Court has considered the reply and surreply as attached to the motions in making this ruling.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE