IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

       Plaintiffs,

vs.                                                                                                Case No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

       Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court upon Defendant's Motion for Partial Summary Judgment on the Issue of Punitive Damages **(Doc. 527)**. Having reviewed the pleadings and applicable law, the Court finds that Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

This case arises out of a single-vehicle accident allegedly resulting from the failure or blowout of a left rear Continental tire (the "subject tire"). Plaintiffs allege that manufacturing defects in the subject tire resulted in a tread-belt separation. Defendant is the tire manufacturer. Several plaintiffs were injured in the incident. Abel Portillo died, and Plaintiff Lee Hunt is the personal representative of his wrongful death estate.

---

[1] This is a redacted opinion in which certain language was removed at the request of the parties. The Court's full opinion is in the *Sealed Memorandum Opinion and Order* (Doc. 573) filed on June 28, 2021.

On August 2, 2017, Plaintiffs filed a complaint for wrongful death and personal injuries. In April 2020, Plaintiffs agreed to the dismissal of Counts III, IV, and V.  Therefore, it appears that the following claims remain:

Count I:       Strict Products Liability

Count II:      Negligence (causing death and injury)

Count VI:      Loss of Consortium (as to Plaintiff Irma Martinez)

Plaintiffs seek compensatory and punitive damages.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996).  To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed."  *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

**DISCUSSION**

I. **Plaintiffs created a genuine dispute of material fact as whether Defendant had a culpable state of mind to warrant punitive damages.**

Defendant seeks summary judgment because there is insufficient admissible evidence to show that Defendant had a culpable state of mind to warrant punitive damages. The Court disagrees. The Court concludes that Plaintiffs created a genuine dispute of material fact that Defendant had a culpable state of mind to warrant punitive damages.

In this diversity action, New Mexico substantive law and Federal procedural law apply. *Smith v. Ingersoll-Rand Co.*, 214 F.2d 1235, 1248-49 (10th Cir. 2000) (applying New Mexico substantive law, including punitive damages law, in a products liability action where jurisdiction was founded on diversity); *Vigil v. Burlington N. and Santa Fe Ry. Co.*, 521 F.Supp.2d 1185, 1221 (D.N.M. 2007) (applying New Mexico substantive law on punitive damages in a case where jurisdiction was founded on diversity).

"New Mexico law permits an award of punitive damages 'to punish and deter persons from conduct manifesting a culpable mental state.' " *Vigil*, 521 F.Supp.2d at 1221 (quoting *Paiz v. State Farm Fire & Cas. Co.*, 880 P.2d 300, 308 (1994)).

"To be liable for punitive damages, a wrongdoer must have some culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ , 881 P.2d 11 (internal citation omitted); New Mexico UJI 13-1827; *See also Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1250 (10th Cir. 2000) ("The defendant must act knowingly, displaying an 'evil motive' or culpable mental state."); *Couch v. Astec Indus., Inc.*, 2002-NMCA-084, ¶ 58, 53 P.3d 398 ("Because the

purpose of punitive damages is to punish a wrongdoer, a wrongdoer must have a culpable mental state to be liable for punitive damages.")

"The New Mexico Supreme Court reasoned that punitive damages are intended to punish and deter prohibited conduct, and thus should only be assessed where the conduct at issue displays a 'conscious' or 'deliberate disregard of a potential harm.' " *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1251 (10th Cir. 2000) (citation omitted).

Reckless conduct "is the intentional doing of an act with utter indifference to the consequences." N.M. UJI 13-1827; *Couch*, 2002-NMCA-084, ¶ 58. "Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's" rights or safety. N.M. UJI 13-1827. A defendant's conscious disregard for other's personal safety may give rise to punitive damages, although unsafe features alone do not necessarily give rise to an inference that a defendant recklessly or consciously disregarded safety. *See Couch*, 2002-NMCA-084, ¶ 60. In a product liability case, a defendant unaware of a product's defect and unaware of the serious danger or substantial harm posed by that defect does not act "consciously" or "recklessly" in disregard for another party's rights. *See Rimbert v. Eli Lilly and Co.*, 577 F.Supp.2d 1174, 1212 (D. N.M. 2008).

A corporation may be liable if it authorized or ratified an employee's conduct. Moreover, "[t]he cumulative conduct theory provides that an award of punitive damages against a corporation may be based on the actions of the employees [viewed] in the aggregate [in order] to determine whether [the employer corporation] had the requisite culpable mental state because of the cumulative conduct of the employees." *Grassie v. Roswell Hosp. Corp.*, 2011-NMCA-024, ¶ 30, 150 N.M. 283, 258 P.3d 1075, 1084.

Generally, when presenting evidence of other occurrences, a plaintiff must show that the other occurrences are substantially similar to the tire at issue. *See Smith v. Ingersoll–Rand Co.*,

4

214 F.3d 1235, 1246–47 (10th Cir.2000)("[We] accept a lesser degree of similarity when evidence of other accidents is offered to show the defendant had notice of potential defects in its product.")

Under New Mexico law, a defendant's "compliance with federal regulations does not preclude a finding of recklessness or an award of punitive damages." *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 147-48, 899 P.2d 576, 590-91 N.M.1995 (citation omitted); *cf. Allsup's Convenience Stores, Inc. v. North River Insurance Co.*, 127 N.M. 1, 17, 976 P.2d 1, 17 (1998) (stating that "[i]ndustry customs or standards are evidence of good or bad faith, but they are not conclusive").

Here, Plaintiffs assert that Defendant had procedures and policies at its Mt. Vernon plant, at or around the time the failed tire was manufactured which allowed tires with manufacturing defects to leave the plant. As explained below, they have created a genuine dispute of material fact that Defendant had a culpable mental state.

Plaintiffs point to the following facts, which were sufficiently supported in the record. **Doc. 550**. First, Plaintiffs argue that Defendant made a thinner liner when it knew that similar tires from other manufacturers had a safer inner liner at .07 to .08 inches. **Doc. 550, UMF 14, 16.**

Plaintiffs also allege that Defendant decided not to investigate the warranty adjustment data associated with this tire line. Plaintiffs allege that Defendant had warranty adjustment data which showed that this tire line had tread-belt separation issues. **UMF 23**. Vibration is a common indication of a developing tread-belt separation. **UMF 26.**

Plaintiffs also assert that Defendant created a dangerous and contaminated work environment that put profits ahead of safety. Plaintiffs assert that it knew temperature would affect the workability of tire materials. **UMF 29(a)-(d).** The Mt. Vernon plant had roof leaks and had

no policy or procedure to fix them. Water and sweat can cause adhesion defects such as those seen in the failed tire. **Doc. 533-2 at 21, UMF 29.**

Plaintiffs assert that at that Mt. Vernon facility, shortly after the failed tire was manufactured, hundreds of similar tires had a similar defect contamination affecting adhesion in the tread-belt package. **UMF 18.** Plaintiffs created a genuine dispute of material fact whether Defendant knew that defective tires regularly left its facilities and made the choice that it is cheaper to deal with occasional recalls and lawsuits than to make changes to its manufacturing processes.

Plaintiffs also assert that Defendant knew that a thicker inner liner would have been feasible and safer. The inner liner in part keeps air and moisture from degrading inner components of the tire. The inner liners were also apparently manufactured below an already inadequate specification. **UMF 15-16, Doc. 271-3 at 202-204.** Defendant also decided not to investigate warranty adjustment data associated with this tire before the crash. **UMF 21-22, 23-26.** Plaintiffs have created a genuine dispute of material fact whether Defendant had a culpable state of mind.

Plaintiffs also point to a number of other tires which went through similar manufacturing processes and procedures at the Mt. Vernon plant around the time the failed tire was produced. They assert that these tires exhibited indication of possible tread-belt defects, which were not investigated.

Moreover, Plaintiffs have also created a genuine dispute of fact whether Defendant, as a corporation, had a culpable mental state based on its policies, procedures, and cumulative actions of its employees. *See* **Doc. 550 at 22-23.**

Although Defendant vigorously disputes the above facts, that does not merit summary judgment in its favor. Plaintiffs have created a genuine dispute of material fact based on facts sufficiently supported in the record.

**II.     Defendant's remaining arguments are unavailing.**

Defendant argues that Plaintiffs rely upon inadmissible evidence to oppose summary judgment. The Court disagrees.

Defendant argues that *Campbell* prohibits the admission of certain other tires produced at the Mt. Vernon plant, which Plaintiffs assert went through the same or similar manufacturing processes or policies as the failed tire. *State Farm Mutual Automobile Insur. Co. v. Campbell,* 538 U.S. 408, 422-23 (2003). "A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *State Farm Mutual Automobile Insur. Co. v. Campbell,* 538 U.S. 408, 422-23 (2003). To be relevant, a defendant's prior conduct must bear a relationship to the harm suffered by the Plaintiffs in this case. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages.").

Here, Plaintiffs have created a genuine dispute of material fact whether these other tires experienced defects caused by the similar manufacturing processes that caused the defects in this case. Plaintiffs do not seek to introduce evidence of similar other acts or other similar tires to show that Defendant is a "bad company." Plaintiffs assert that other similar tires which were subject to the same or similar manufacturing processes or defects also suffered similar defects. Plaintiffs seek to introduce this evidence to show that had a culpable mental state, that is, was reckless or utterly indifferent to the risk posed by their manufacturing processes or procedures. Therefore, the other tires or other occurrences are similar to the tire or occurrences in this case and have a nexus to the harm suffered by Plaintiffs.

In a related argument, Defendant appears to argue that the other tires are irrelevant and not admissible under Fed. R. Evid. 401 and 402. Generally, other tires must be substantially similar to the tire at issue to be admissible under Fed. R. Evid. 401 and 402. *Leon v. FedEx Ground Package Sys., Inc.*, 313 F.R.D. 615, 641 (D.N.M. 2016). "The threshold inquiry in any dispute over the admissibility of evidence is whether the evidence is relevant. In situations involving the admissibility of other accidents, relevance is determined by the "substantial similarity" test. Accidents bearing substantial similarity to the case before the court make the existence of a fact of consequence to the action before the court more or less probable, while dissimilar accidents are less likely to bear on a fact of consequence to the case before the court. *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000) (internal citations omitted). "The substantial similarity rule does not require identical products; nor does it require us to compare the products in their entireties." *Id.* The degree of similarity required varies depending on the reason for the admission of the evidence. When admitted to show a defect, "the rule requires substantial similarity among the variables relevant to the plaintiff's theory of defect." *Id.*

For the same reasons as above, the evidence of other tires suffering from similar defects is admissible to show Defendant's culpable state of mind, because the alleged manufacturing policies and procedures which contributed to the manufacturing defects appear to be common to both the failed tire in this case and the other tires. Plaintiffs have created a genuine dispute of material fact whether the manufacturing processes and policies at the Mt. Vernon plant at the time the failed tire also were related to the other tires. *See, e.g., Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1249–50 (10th Cir. 2000) ("Plaintiffs argued throughout trial that Ingersoll–Rand "rushed" to enter the milling machine market, and in so doing neglected to adequately conduct a "human factors" analysis. In particular, the plaintiffs emphasized Ingersoll–Rand's failure to study the feasibility of

8

placing mirrors on the machine to ameliorate visibility problems. The other acts evidence allowed the jury to make the reasonable inference that Ingersoll–Rand persevered in its refusal to place mirrors on its machines despite numerous accidents potentially caused by poor visibility."); *see also Gonzalez v. Cont'l Tire N. Am., Inc.*, No. CV 00-611-TUC-RCC, 2005 WL 5978045, at *4 (D. Ariz. Aug. 24, 2005) (allowing evidence of other tires which suffered similar tread-separation defect, although they were not same tire line); *Mascarenas v. Cooper Tire & Rubber Co.*, 643 F. Supp. 2d 1363, 1374 (S.D. Ga. 2009) ("Plaintiffs have pointed to evidence that Cooper knew that each of these design features prevented tread separations, but that Cooper decided against such changes because they cut into Cooper's profit margin. Cooper's motion for summary judgment as to Plaintiffs' claim for punitive damages is rejected at this time.").

Defendant also argues that evidence of some of the other tires is irrelevant because those tires were returned after the failed tire in this case was produced. The Tenth Circuit, applying New Mexico law, has stated that conduct occurring after the incident in question may bear on the culpable mental state. *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1249–50 (10th Cir. 2000). "Under New Mexico law, evidence going toward the defendant's mental state is relevant for purposes of punitive damages, and *such evidence may include conduct occurring after the incident in question.*" *Smith*, 214 F.3d at 1249–50 (emphasis added), *citing Gonzales v. Surgidev Corp.,* 120 N.M. 133, 899 P.2d 576, 584 (1995) (allowing admission of articles criticizing defendant's lens implants published after plaintiff's surgery, but before defendant removed lens from market). *"*New Mexico law also provides evidence supporting punitive damages need not have been admissible on the issue of compensatory damages." *See Clay v. Ferrellgas, Inc.,* 118 N.M. 266, 881 P.2d 11, 17 n. 4 (1994) (upholding admission of evidence defendant routinely neglected to file required forms with state inspector in case alleging defendant negligently installed a propane tank

9

in plaintiff's automobile). Here, the evidence of conduct occurring after the incident in question is relevant because it bears on Defendant's culpable mental state.

The majority of Defendant's remaining arguments dispute the facts asserted by Plaintiffs. As explained above, Plaintiffs have adequately supported their facts by citations to the record and have created a genuine dispute of material fact that Defendant had a culpable mental state.

## CONCLUSION

For the reasons stated above, the Court finds there is a genuine dispute of material fact whether Defendant had a culpable mental state to warrant punitive damages. Therefore, summary judgment as to punitive damages is not warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment on the Issue of Punitive Damages **(Doc. 527)** is **DENIED.**

**IT IS SO ORDERED.**

**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**