# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

      Plaintiffs,

vs.                                                                                                           No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Allow Live Video Testimony and Remote Attendance at Trial, filed June 3, 2022 (**Doc. 610**). The Court heard argument on this motion at a pretrial conference. Defendant opposes the motion and moves to exclude certain damages witnesses, alleging they were improperly disclosed during discovery. Having reviewed the parties' pleadings, evidence, and the applicable law, the Court finds that Plaintiffs' Motion is **WELL-TAKEN** and therefore is **GRANTED IN PART**. As explained below, the Court will allow certain witnesses to testify remotely, but will exclude certain treating physicians as untimely and improperly disclosed.

**I.**     **Remote testimony will be allowed for limited witnesses.**

Plaintiffs request that certain witnesses testify remotely. "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "Transmission

cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43 advisory committee notes to 1996 amendment.

"District courts have typically concluded that COVID-19-related health concerns justify requests to testify telephonically or through audiovisual means, despite one party's objections." *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 1023 (D.N.M. 2020), *aff'd sub nom. Legacy Church, Inc. v. Collins*, 853 F. App'x 316 (10th Cir. 2021); *McNeese v. United States*, No. 1:17-CV-01164 MIS/KK, 2022 WL 194392, at *1 (D.N.M. Jan. 21, 2022).

It appears that Plaintiffs request that certain witnesses be allowed to testify remotely for the following reasons:

- Plaintiffs Felipe Martinez and Larry Munn seek to avoid taking two weeks off work;
- Plaintiffs Irma Martinez and Larry Munn have health issues;
- Dennis Carlson has health concerns; and
- Multiple treating physicians work out of state, and are otherwise outside of the Court's power to compel them to attend trial in New Mexico.

Here, the Court will require Mr. Felipe Martinez and Mr. Dennis Carlson to testify in person. Based on the description of their testimony in the pleadings and at the pretrial conference, the Court is not convinced their testimony can be effectively given remotely.

Mr. Carlson is a retained expert who will have to examine physical evidence, such as tires. Both he and the physical evidence will have to be in the courtroom with the undersigned and counsel for an effective examination.

Defendant objects to allowing Plaintiff Felipe Martinez testifying remotely, as it asserts he is the most important fact witness. Moreover, they assert his BMI is not a sufficient health concern.

Mr. Martinez is a critical fact witness, and his desire to avoid taking off work is not good cause or a compelling circumstance under Fed. R. Civ. P. 43, especially given that he is a Plaintiff and is prosecuting this action.

Both Mr. Carlson and Mr. Felipe Martinez will be required to attend until their trial testimony is complete. For example, the Court will not allow them to testify remotely on rebuttal.

To the extent the treating physicians are admitted, the Court finds good cause and compelling circumstances to allow them to testify remotely. They reside out of state and out of the Court's subpoena power. The record reflects that many would otherwise not be willing to testify. Given the current circumstances, the Court is not inclined to ask doctors to take multiple days out of their busy schedule, potentially negatively impacting patients. Moreover, their testimony appears to be limited.

Plaintiffs Irma Martinez and Larry Munn appear to have medical issues which may in part pose a danger in light of COVID-19. As cited above, Courts have often found compelling circumstances and good cause to allow remote testimony. Defendant does not appear to object to them testifying remotely. Therefore, Plaintiffs Irma Martinez and Larry Munn may testify remotely. They may also observe the trial remotely.

Pursuant to Fed. R. Civ. P. 43(a), the Court will impose the following safeguards, which the parties and witnesses shall follow:

> 1. Plaintiffs' counsel will be responsible for setting up the necessary technology in advance and for understanding how to operate it properly to ensure smooth presentation of testimony at trial.
>
> 2. Plaintiffs' counsel shall be responsible for ensuring remote witnesses possess all exhibits they might refer to in their testimony.
>
> 3. The Court expects remote witnesses to testify from an appropriate location. This means a quiet room without distractions. Examples of inappropriate locations include, but are not limited to: a moving vehicle, a breakroom with others present

creating background noise, the operating room or other room in the presence of a patient, etc. Witnesses should not testify in a room with other witnesses present.

4. Remote witnesses need not appear at a federal courthouse or a court reporter's office.

5.  Counsel shall advise the witnesses to abide by the rule of exclusion and avoid discussing their trial testimony with other witnesses.  FRE 615.

6. If the necessary technology fails to function properly or witnesses otherwise exhibit a lack of decorum (such as by failing to abide by the Court's second safeguard explained above), the Court may reverse this Order, even mid-trial, and require in-person testimony at trial.

## II.     **Certain treating physicians were not timely or properly disclosed as non-retained experts.**

Defendant seeks to exclude certain treating physicians and lay witnesses, asserting that they were not properly disclosed during discovery. In its initial response, Defendant asserts that these treating physicians were not properly disclosed and should be excluded:

- Juan Quiroz, M.D.
- Steven Garcia, M.D.
- Khalid Alyami, M.D.
- Eric Ehle, D. O.
- Victor Taylor, M.D.
- John Blackwell, D.C.

*See* **doc. 615 at 9-11.**  Defendant also seeks to exclude several fact witnesses, asserting they were not properly disclosed during discovery:

- Brandon Munn;
- George Munn;
- Terr Munn;
- Shannon Munn;
- Juanita Martinez;
- Darlene Martinez; and
- Malaki Gonzales.

**Doc. 615 at 11-12.**

Plaintiffs clarify that they intend to call the following witnesses:

- Shannon Munn;
- Juanita Martinez;
- Darleen Gonzalez;
- Juan Quiroz, M.D.;
- Victor Taylor, M.D.;
- John Blackwell, D.C.; and
- Terrence Callahan, D.O.

**Doc. 622 at 2-5.** Therefore, the Court will limit its analysis to these witnesses.

Initially, the Court notes that the three fact witnesses, Shannon Munn, Juanita Martinez, and Darleen Gonzales, appear to have been properly disclosed. *See* **doc. 622 at 2-3**. In its sur-reply, Defendant does not contest that they were properly disclosed and does not seek their exclusion. *See* **Doc. 626.**

Rather, at issue are four treating physicians Plaintiffs seek to have testify at trial. Treating physicians are generally considered non-retained experts as they often testify based on specialized knowledge, FRE 701(c), 702, and their disclosure is governed by Fed. R. Civ. P. (a)(2)(C):

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). "Rule 26(a)(2)(C) disclosures are meant to define the scope of expert testimony so that an opposing party can be prepared to address the opinions proffered, not open up the testimony of any witness to include expert testimony so long as it has been disclosed somewhere in discovery." *Green Earth Wellness Center LLC v. Atain Speciality Insurance Company,* 2016 WL 632051 at *3 (D. Colo. 2016). This district requires that treating physicians' disclosures elucidate the "matter, facts, and opinions to which each physician will testify" in a

manner that goes beyond generalities. *Pena v. Hawes*, No. CV 12-0622 WPL/RHS, 2013 WL 11554681, at *1 (D.N.M. Aug. 15, 2013). The disclosures must contain a level of specificity as to obviate the need to "sift through the medical records to attempt to figure out what each expert may testify to." *Ramirez v. Ultimate Concrete*, LLC, No. 13CV649 JCH/LAM, 2015 WL 12832341, at *2 (D.N.M. Feb. 10, 2015).

Parties must disclose any expert witness they intend to call at trial. *See* Fed. R. Civ. P. 26(a)(2).  A party must provide expert disclosures "at the times and in the sequence that the court orders." *See Harris v. Remington Arms Company, LLC*, 997 F.3d 1107, 1112 (10th Cir. 2021) (citing Fed. R. Civ. P. 26(a)(2)(D)).

Initially, Plaintiffs appear to believe that a vague, general reference to "any and all treating physicians" in their initial disclosures is sufficient to identify a non-retained expert such as a treating physician.  The Court disagrees.  Fed. R. Civ. P. (a)(2)(C) requires disclosure of specific criteria.

Moreover, medical records hidden in thousands of pages of discovery are not sufficient, by themselves, to satisfy the Rule 26(a)(2)(C) disclosures.  Here, thousands of pages of medical records were disclosed, and Defendant was not required to sift through them to guess which medical provider would testify as a non-retained expert.

The Court previously directed that treating physicians must be disclosed by the Fed. R. Civ. P. 26(a)(2) deadline.  *See* **doc. 109** ("Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date."). Plaintiffs have not suggested they intend to call the treating physicians as lay witnesses. Generally,

the lay witness testimony of a treating physician not disclosed as an expert is extremely limited, as they may not testify based on their specialized knowledge. FRE 701(c); *see, e.g., Montoya v. Sheldon*, 286 F.R.D. 602, 619 (D.N.M. 2012) (treating physician testifying merely as lay witness "cannot express [an] opinion as to matters which are beyond the realm of common experience and which require [the] special skill and knowledge of an expert witness.").

The Court finds that Dr. Quiroz was adequately disclosed in discovery. *See* **Doc. 622 at 3; Doc. 622-3, Ex. 3.** At issue is the admissibility of Drs. Taylor, Blackwell, and Callahan. Plaintiffs do not point to anything in the record suggesting that expert disclosures were made for these treating physicians pursuant to Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs first expressly identified these non-retained experts in their proposed pretrial order in April 2021.

Plaintiff Larry Munn asserts that he obtained treatment from providers John Blackwell and Victor Taylor after discovery closed in July 2019. It appears that Plaintiff Munn saw these providers in 2020, but did not provide medical records discovery until July 2021. Moreover, Plaintiffs do not cite to the record to show where they made the required Rule 26(a)(2)(C) disclosures.

Therefore, the Court finds that Plaintiffs did not adequately provide non-retained expert disclosures under Rule 26(a)(2)(C) for Drs. Taylor, Blackwell, and Callahan.

### III.   Failure to timely provide non-retained expert disclosures under Rule 26(a)(2)(C) was not substantially justified or harmless.

It appears that non-retained experts Victor Taylor, John Blackwell, and Terrence Callahan, all treating physicians, were not properly disclosed. Therefore, these witnesses may not testify unless the lack of disclosure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This decision is within the district court's discretion. *See F & H Coatings, LLC v. Acosta*, 900

F.3d 1214, 1223 (10th Cir. 2018); *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994)).

The Tenth Circuit has identified four factors a court should consider when deciding whether the failure to disclose an opinion is substantially justified or harmless:

(1) the prejudice or surprise to the party against whom the testimony is offered;
(2) the ability of the party to cure the prejudice;
(3) the extent to which introducing such testimony would disrupt the trial; and
(4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company,* 170 F.3d 985, 993 (10th Cir. 1999). Plaintiffs bear the burden to establish that these factors weigh in favor of allowing a new expert opinion. *See The Quapaw Tribe of Okl. v. Blue Tee Corp.*, No. 03-CV-0846-CVE-PJC, 2010 WL 3909204, at *3 (N.D. Okl. Sept. 29, 2010) (requiring party that violated Rule 26 to show that its "untimely disclosure of new expert testimony is harmless or substantially justified.").

Upon considering and weighing the *Woodworker's* factors, the Court concludes that Plaintiffs have failed to show that the untimely and improper expert disclosure of Drs. Victor Taylor, John Blackwell, and Terrence Callahan was substantially justified or harmless.

As to the first factor, the Court finds that Defendant would be prejudiced by the admission of the untimely and improperly disclosed non-retained expert testimony. It is less than a month before trial. As explained above, Plaintiffs first disclosed the treating physicians in their proposed April 2021 pretrial order, and Defendant noted that these treating physicians were not properly disclosed. This was approximately two years after discovery had closed. Defendant was prejudiced because it was not notified of the potential expert witness testimony during discovery, as required by the rules. By the time they were disclosed, discovery had been closed for years. Defendant did not have the opportunity, without violating the Court's scheduling order, of conducting discovery and retaining its own rebuttal experts.

Plaintiffs appear to argue that Defendant was not surprised because it was notified of the intent to call these non-retained experts in the proposed pretrial order, disclosed in April 2021 or later. Defendant notified Plaintiffs of its objection to their admissibility, and Plaintiffs did not seek to reopen discovery so that they could properly disclose these expert witnesses. This case has been pending for five years. Discovery deadlines in this case ran in the middle of 2019. Therefore, Defendant was surprised by the late disclosure of experts two years after the discovery deadline.

Moreover, in their reply Plaintiffs did not cite to the record showing that they ever provided full expert disclosures which identifies the opinions at issue as required under Fed. R. Civ. P. 26(a)(2)(C).

Plaintiffs also assert that Defendant was not surprised because Defendant possessed their medical records. But Plaintiffs produced over three thousand pages of medical records, and the purpose of Rule 26(a)(2)(C) is to ensure that parties do not have to sift through medical records to guess who may be called as experts.

As to the second factor, there is currently no ability to cure the prejudice. Trial is in less than a month. This case is five years old and is on a firm trial setting. As explained in a prior order, this case cannot be moved. Given the Court's heavy criminal docket, it is unlikely the Court could reset this case any time in the near future. Plaintiffs have not shown that they have provided a full expert disclosure under Fed. R. Civ. P. 26(a)(2)(C). Even if they had, a few weeks is not sufficient time to obtain depositions of the experts or obtain rebuttal experts.

Plaintiffs appear to argue it was Defendant's responsibility to cure Plaintiffs' discovery violation in April 2021 when the treating physicians were disclosed in the proposed pretrial order. However, by that time discovery had long since closed. Defendant notified Plaintiffs it objected to the untimely and improper disclosure. Defendant would have violated the Court's deadlines if

it *sua sponte* conducted discovery. *See Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344 (10th Cir. 2020) ("while Defendant may have had *some* ability to cure the prejudice, this ability was constrained by costs and court-imposed deadlines. Again, we find the district court did not abuse its discretion in so concluding. While the prejudice could have been cured, to do so would have been both costly and timely."); *See, e.g., Rodgers*, 2016 WL 7888048, at *3 (disallowing new expert opinions because, "[i]t would require re-opening all of the matters described ... to afford Defendants an opportunity to consider and respond to the information in the Declarations" and "would result in substantial cost and delay to the Defendants and would derail the efficient resolution" of the case). The Court agrees with Defendant that Plaintiff should have cured their late disclosure of these witnesses by moving the Court for relief.

As to the third factor, the Court finds that admitting the expert testimony would substantially disrupt trial and require trial to be continued. Defendant would need the opportunity to reopen discovery, depose the experts if necessary, and obtain rebuttal experts.

As to the fourth factor, the Court finds there is some degree of willfulness on Plaintiffs' part. Although the law on treating physicians is not a model of clarity, it is unclear why the treating physicians were not specifically identified pursuant to Fed. R. Civ. P. 26(a)(2)(C). It appears that Rule 26(a)(2)(C) non-retained expert disclosures were not made until the proposed pretrial order was disclosed in April 2021. Moreover, Plaintiffs were aware that Defendant objected to their untimely expert disclosure in April 2021, but they did not attempt to cure their untimely disclosure by bringing the dispute to the attention of the court through a motion. *See, e.g., Borunda*, 2015 WL 13662779 at *6 (observing that "[i]t is safely assumed that Plaintiffs' counsel was aware of the presumptive inadmissibility of exhibits produced after the Court-ordered end of discovery"

and that such counsel "appear not to have raised their late discovery of such evidence with Judge Lynch as a basis to re-open discovery").

Finally, the Court has considered the efficacy of lesser sanctions. As explained above, the Court cannot move trial, and there is insufficient time for Defendant to depose the experts or obtain their own rebuttal expert. Therefore, the only reasonable sanction is exclusion of the late and improperly disclosed non-retained experts.

In sum, all four factors weigh against Plaintiffs, and in viewing the totality of the circumstances, the Court concludes that Plaintiffs have not shown that the scheduling order and discovery violations were substantially justified or harmless. The Court excludes the non-retained expert testimony of Victor Taylor, John Blackwell, and Terrence Callahan.[1]

Plaintiffs assert that it would be unfair to exclude their evidence when Defendant has been "allowed to repeatedly disclose volumes of information after the discovery deadline." **Doc. 622 at 10**. Plaintiffs cite to Docs. 214, 347, and 484. In those instances, discovery was reopened pursuant to motions practice, years before trial. Here, no motion was filed and trial is set in less than 30 days.

**IV.     Lay witness testimony.**

The Court has assumed that Plaintiffs seek to admit treating physician testimony as non-retained expert testimony. The Court does not address whether and to what extent the treating physicians in this case can give lay witness testimony. Plaintiffs did not request they give merely lay testimony, and Plaintiffs have not given a proffer of the lay testimony these treating physicians would give. Rather, Plaintiffs appear to seek to introduce expert testimony, such as the fact that Mr. Martinez is 21 percent disabled as a result of the crash. **Doc. 622 at 12.** Generally, diagnosis

---

[1] As noted by Defendant, Plaintiffs appear to have abandoned any intention of calling Drs. Garcia, Alyami, and Ehle at trial.

and treatment is expert opinion as it is formed pursuant to a treating physician's specialized knowledge. FRE 701(c). Therefore, the Court assumes Plaintiffs only seek to admit expert testimony, and the Court does not opine on whether lay opinion testimony would be admissible.

The Court notes that a treating physician gives expert testimony when he or she opines on diagnosis, treatment, causation, and prognosis, as it is necessarily based on scientific or specialized knowledge. FRE 701(c); *Witherspoon v. Navajo Ref. Co.*, 2005 WL 5988650, at *1 ("As a result, this amendment compels courts to categorize more testimony from treating physicians as subject to expert disclosure requirements and some courts have barred testimony from physicians about their diagnosis and treatment, finding that such opinions are necessarily based on expert knowledge."); Stephen A. Saltzburg et. al, Federal Rules of Evidence Manual § 701,02[7], at 701-18 (10th ed. 2011)(explaining that, under the 2000 amendments, a treating physician can explain that a patient was coughing, but the treating physician cannot identify with what the treating physician diagnosed the patient or what caused the coughing). "District courts should not allow treating physicians testifying as lay witnesses to voice their opinions based on their specialized knowledge about their diagnoses and opinions as to what caused their patients' injuries." *Walker v. Spina*, No. CV 17-0991 JB\SCY, 2019 WL 145626, at *21 (D.N.M. Jan. 9, 2019).

> When the physician testifies that the plaintiff was coughing and running a fever, this is lay witness testimony governed by Rule 701. However, if the physician also testifies that he diagnosed the patient as having Reactive Airways Dysfunction Syndrome caused by exposure to a toxic chemical, then this is testimony based on scientific, technical, or other specialized knowledge and must be qualified under Rule 702.

Saltzburg et. al, supra § 701,02[7], at 701-18, *quoted in Walker v. Spina*, No. CV 17-0991 JB\SCY, 2019 WL 145626, at *21 (D.N.M. Jan. 9, 2019).

## CONCLUSION

For the reasons stated above, Plaintiffs Irma Martinez and Larry Munn, and treating physician Juan Quiroz, will be allowed to testify remotely. However, Mr. Carlson and Plaintiff Felipe Martinez will be required to testify in person. Fact witnesses Shannon Munn, Juanita Martinez, and Darleen Gonzales were timely and properly disclosed, and the Court will not exclude their testimony. However, the Court finds that Plaintiffs have not shown that Drs. Taylor, Callahan, and Blackwell were properly or timely disclosed as non-retained experts, and may not testify as expert witnesses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Allow Live Video Testimony and Remote Attendance at Trial, filed June 3, 2022 (**Doc. 610**) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the parties shall submit an updated proposed pretrial order by **Monday, July 11, 2022, by 5:00 p.m.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**