# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

        Plaintiffs,

vs.                                                        No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE No. 2

**THIS MATTER** comes before the Court upon Defendant's Motion in *Limine* No. 2 to Exclude Argument or Evidence that CTA had a Duty to Recall the Subject Tire, filed June 17, 2022 (**Doc. 621**).  Plaintiffs filed a response opposing this motion, and this motion is now fully briefed and ready for decision. *See* **Doc. 596-1 at 3** ("Replies to motions in limine will not be entertained unless specifically requested and allowed.").  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's Motion is not well-taken and therefore is **DENIED**.

Defendant moves to exclude any and all reference from trial that Defendant had a duty to recall the subject tire.  **Doc. 621 at 1.**  Defendant argues that (1) the complaint does not include any such allegations; (2) neither common nor statutory law imposes on manufactures a duty to recall products; and (3) federal law preempts vehicle and equipment recalls.

Plaintiffs assert that Defendant knew or should have known of issues with the tire line which posed a risk to consumers and chose not to address it, such as by issuing a recall. Plaintiffs assert that this is evidence of their mental state for the purpose of punitive damages. Plaintiffs also assert this evidence is necessary to rebut Defendant's argument that the subject tire line had an exemplary performance in the field, and they had a robust system in place to monitor the performance of their tires.

First, the Court finds that Plaintiffs adequately asserted these allegations in their complaint. They alleged in their complaint Defendant negligently failed to suspend sales or distribution of the tire after it learned or should have learned of its defects.

Second, Plaintiffs' evidence is admissible under New Mexico substantive law. Although Defendant argues there is no duty to recall under New Mexico law, they do not cite to any case law, statute, or rule. Rather, under New Mexico law, a supplier of a product has a "duty to use ordinary care continues after the product has left its possession. A supplier who later learns, or in the exercise of ordinary care should know, of a risk of injury caused by a condition of the product or manner in which it could be used must then use ordinary care to avoid the risk." *See* NMRA UJI 13-1402. Moreover, in *Gonzales v. Surgidev*, 1995-NMSC-036, 899 P.2d 576, the New Mexico Supreme Court reasoned that the fact that the FDA did not recall medical devices did not preclude the fact finder from considering arguments that the manufacturer should have taken steps to stop selling the medical devices once it knew about the potential dangers it posed. *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 48, 120 N.M. 133, 147, 899 P.2d 576, 590. In *Couch*, the New Mexico Court of Appeals cited to NM UJI 1402 and concluded that a supplier may have a post-sale duty, and allowed argument that defendant had a duty to retrofit or warn. *Couch v. Astec Indus., Inc.*, 2002-NMCA-084, ¶ 45, 132 N.M. 631, 641, 53 P.3d 398, 408 ("Thus, it is for the jury

to determine what steps—whether by warning or retrofitting or some other means—a supplier must take in the exercise of ordinary care."). The New Mexico Supreme Court's "adoption of UJI 13–1402 suggests that New Mexico law follows the path of those courts recognizing that a product supplier has a continuing duty of ordinary care to avoid a risk of injury if it knows or should know that such risk is caused by the supplier." *Id.*

Third, Defendant has not carried its burden to show that New Mexico state tort law is completely preempted. Defendant argues that any argument regarding whether Defendant should have recalled tires is "completely preempted." **Doc. 621 at 4.** In this case, the Court is not deciding whether to recall tires under New Mexico state law product liability claims. Rather, Plaintiffs assert state tort claims and seek damages. Plaintiffs seek to present evidence regarding whether Defendant knew or should have known of alleged defects and steps they took to resolve or lessen the risk posed by its products, such as by issuing a recall.

Defendant argues that federal law "completely preempts" the field of vehicle and equipment recalls, and the NHTSA has the exclusive authority to order equipment recalls. Neither party delves into preemption law. Defendant bears the burden of establishing complete preemption, and the Court finds that Defendant has not carried its burden. *See Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238 at 255, 104 S. Ct. 615, 624–25, 78 L. Ed. 2d 443 (1984) (imposing burden of establishing Congress's preemptive intent on party challenging application of traditional state tort law), *cited in Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 489 n.4 (10th Cir. 1998) ("The party claiming preemption bears the burden of showing with specificity that Congress intended to preempt state law."); *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1143 (10th Cir. 2010) ("Because Defendants advocate preemption, they bear the burden of showing that federal and state law conflict.").

*Alternatively,* assuming the Court were required to address this undeveloped argument and delve into preemption law without guidance from the parties, it would conclude that the Motor Vehicle Safety Act does not completely preempt state court tort claims which seek damages from a tire manufacturer.  *See* 49 U.S.C.A. § 30103(d) ("A remedy …is in addition to other rights and remedies under other laws of the United States or a State."), (e) ("**Common law liability.**--Compliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law."); *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 256 F. Supp. 2d 884, 899 (S.D. Ind. 2003).

Here, Plaintiffs are not requesting that the Court recall the subject tire.  Rather, Plaintiffs seek damages. They assert that, for the purpose of establishing state of mind under state tort claims, they should be allowed to present evidence of Defendant's knowledge of the risk of defects and whether it took steps to alleviate the risk to consumers.  NMRA UJI 13-1402 ("duty to use ordinary care continues after the product has left its possession. A supplier who later learns, or in the exercise of ordinary care should know, of a risk of injury caused by a condition of the product or manner in which it could be used must then use ordinary care to avoid the risk.").

**IT IS THEREFORE ORDERED** that Defendant's Motion in *Limine* No. 2 to Exclude Argument or Evidence that CTA had a Duty to Recall the Subject Tire (**Doc. 621**) is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**