## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative*
*of the estate of Abel Portillo*, *deceased*,

     Plaintiffs,

vs.                                                        No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

     Defendant.

### <u>ORDER OVERULING IN PART DEFENDANT'S OBJECTIONS TO WITNESSES</u>

**THIS MATTER** comes before the Court upon Defendant's First Amended Objections to Plaintiffs' Trial Witness List (**Doc 660).**   The Court heard argument on the objections at a pretrial conference on July 14, 2022. The Court limits its analysis to the objections raised by the Defendant in its written objections and will not entertain new and late objections raised at the pretrial conference. Having reviewed the parties' pleadings and argument, and the applicable law, the Court finds that Defendant's objections are **NOT WELL-TAKEN IN PART** and therefore are **OVERRULED IN PART**.  Defendant objected to five witnesses.  At the pretrial conference, Plaintiffs represented that they would not call Daniel Woodruff.  The Court **OVERRULES** Defendant's objections to Mr. Beierwaltes, Dr. Singh, and Dr. Quiroz.

As to Dr. Jenkins, the Court orders further briefing as requested by Plaintiffs at the hearing. Plaintiffs shall file a response to the objection. The response should address, but is not limited to, whether Dr. Jenkins was adequately disclosed as a non-retained expert.  To the extent Plaintiffs argue that a witness may testify regarding diagnosis, causation, or treatment as a fact witness,

without being disclosed as a non-retained expert, Plaintiffs must present case law from within the Tenth Circuit supporting their position.  As the Court set out in its text-only order, this response is due by **Monday, July 18, 2022, at 5:00 p.m.** local time.  Defendant may file a reply by **Tuesday, July 19, 2022, at 5:00 p.m.** local time.

As to Mr. Beierwaltes, Defendant asserts that his testimony is not relevant.  The Court finds his testimony to be relevant.  Defendant's objection is **OVERRULED**.

As to Dr. Singh, Defendant objects that Dr. Singh should not be allowed to give remote testimony.[1] Defendant asserts that Dr. Singh's testimony should be presented through her deposition.  The Court notes that Plaintiffs previously requested that treating physicians be allowed to testify remotely.  The Court granted the motion.  **Doc. 635.**  Defendant argues that Dr. Singh is not a treating physician, as she conducted the medical examination after Mr. Portillo died.  "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a).  As the Court previously found, **Doc. 635**, the Court now finds that there is good cause and compelling circumstances to allow Dr. Singh to testify remotely.  She resides out of state and out of the Court's subpoena power.  It is unclear whether she would be willing to travel to New Mexico.  Defendant has not specified anything about her testimony which would make remote testimony undesirable.  Defendant has not articulated specific prejudice or surprise.  Therefore, the Court **OVERRULES** Defendant's objection.

---

[1] At the hearing, Defendant made an additional oral objection that she was not identified as an expert.  As the Court noted above, the Court does not consider this objection as it was not raised in the written objection.  *See* **Doc. 660**. Alternatively, only to the extent the Court would be required to consider this objection, it accepts Plaintiffs' proffer at the hearing that it identified Dr. Singh as a non-retained expert with expertise and opinions regarding cause of death.  Defendant also appeared to identify Dr. Singh as an expert and obtained her deposition testimony.

As to Dr. Juan Quiroz, Defendant argues that his testimony will be irrelevant.  The Court disagrees, and concludes that his testimony appears to be relevant.  The Court already found that he was adequately disclosed as a non-retained expert.  *See* **Doc. 635 at 7, citing Doc. 622 at 3; Doc. 622-3, Ex. 3.** Therefore, Defendant's objection is **OVERRULED.**

    **IT IS SO ORDERED**.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**