# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative*
*of the estate of Abel Portillo, deceased,*

     Plaintiffs,

vs.                                                                                    No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

     Defendant.

## <u>ORDER REGARDING CERTAIN OBJECTIONS TO DEPOSITIONS</u>

**THIS MATTER** comes before the Court upon several objections to deposition designations:

- Plaintiffs' Amended Objections and Counter Designations to Defendant Continental Tire the Americas, LLC's Deposition Designations for Robert Favors **(Doc. 685)**;

- Defendants' Supplemental Designations and Objections to Plaintiffs' Amended Counter Designation of Robert Favors' Deposition Testimony **(Doc. 686);**

- Defendants' Amended Objections and Counter Designations to Plaintiffs' Amended Designation of the Deposition Testimony **(Doc. 666);**

- Plaintiffs' Objections and Counter Designations to Defendant Continental Tire the Americas, LLC's Deposition Designations for Veena Singh, M.D. **(Doc. 658)**; and

- Plaintiffs' Response and Objections to Defendant's Counter Designations to Designated Testimony to be Presented in Plaintiffs' Case-in-Chief **(Doc. 670).**

The Court held a pretrial conference on July 14, 2022 and heard argument on certain objections to the deposition testimony.   The Court took the deposition objections under advisement.

Having reviewed the parties' pleadings and argument, and the applicable law, the Court finds that the objections are **NOT WELL-TAKEN IN PART** and therefore are **SUSTAINED IN PART** and **OVERRULED IN PART.**

In this order the Court will only address the objections to depositions the parties plan to present at the trial, as reflected in their stipulated trial schedule.  The Court will address objections to depositions otherwise submitted to the Court in its written findings and conclusions of law after trial. The Court addresses the specific objections to the deposition testimony of the following witnesses, as their deposition testimony will be presented at trial:

Brian Beierwaltes;

Volker Hildebrand;

Mark Spence;

Robert Favors; and

Veena Singh.[1]

## I.    General objections.

Defendant appears to seek to introduce the deposition testimony of some of its own employees as counter-designations in Plaintiffs' case in chief.  Plaintiffs argue that Defendant's

---

[1] Although according to the stipulated trial schedule Plaintiffs apparently plan to present deposition testimony for Steve Christoffersen, it appears no objections to the deposition designations were filed.  Moreover, there are some counter-designations which do not appear to have objections yet.

counter-designations of its own employees, specifically Mark Spence, Volker Hildebrand, and

Brian Beierwaltes, are improper hearsay, and these counter-designations are not admissible under

the relevant rules of completeness.  Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106.

"Deposition testimony is normally inadmissible hearsay, but Fed. R. Civ. P. 32(a) creates

an exception to the hearsay rules." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962–63

(10th Cir. 1993).  "Depositions may also be independently admissible under the Federal Rules of

Evidence." *Id.*, Fed. R. Evid. 804(b)(1) (excepting certain depositions from hearsay rule where the

deponent is "unavailable as a witness"). Defendant has the burden to show that their counter-

designations are admissible.  *Id.*  Furthermore, as Judge Kelly found:

> "A party's Rule 30(b)(6) testimony may be used against that party, see Fed. R. Civ.
> P. 32(a)(3), but otherwise is inadmissible hearsay, see Fed. R. Evid. 802. However,
> where one party offers part of a Rule 30(b)(6) deposition into evidence, the other
> party may "require the offeror to introduce other parts that in fairness should be
> considered with the part introduced." Fed. R. Civ. P. 32(a)(6); accord Fed. R. Evid.
> 106.
> The main purpose of Rule 32(a)(6) is to avoid testimony that presents evidence out
> of context or leads to misinterpretation of the evidence by the trier of fact. See 8A
> Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2148 (3d
> ed. 1998). Here, it is the government's burden to show that its counter-designations
> are admissible under Rule 32(a). See Garcia-Martinez v. City & Cnty. of Denver,
> 392 F.3d 1187, 1191 (10th Cir. 2004).

*Chevron Mining Inc. v. United States*, No. 113CV00328PJKJFR, 2021 WL 5742987, at *1

(D.N.M. Dec. 2, 2021). Therefore, Defendant's counter-designations of its own employees may

be admissible if they "in fairness should be considered with the part introduced."  Fed. R. Civ. P.

32(a)(6); Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an

adverse party may require the introduction, at that time, of any other part — or any other writing

or recorded statement — that in fairness ought to be considered at the same time.").  This is

generally an individualized inquiry.

However, to the extent Defendant intends to have its employees testify in its case in chief at the trial, its counter-designations are not necessary.  Fairness does not require the counter-designations to be admitted, and the Court will exclude them.  Although the federal rules provide a mechanism for the admission of deposition testimony in limited circumstances, "they do not alter the long-established principle that testimony by deposition is less desirable than oral testimony. The deposition has always been, and still is, treated as a substitute, a second-best, **not to be used when the original is at hand**." *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004) (emphasis added, internal citations and quotation marks omitted).  Here, Defendant has identified Harald Morgenstern, Volcker Hildebrand and Mark Spence, its employees or officers, as individuals they will call in their case in chief, per the joint trial schedule. Alternatively, the counter-designations by Defendant of its employees or officers should be excluded under FRE 403 as needlessly cumulative or a waste of time, to the extent they will otherwise testify as trial.  Because they will testify at trial, fairness does not require Defendant's counter-designations to be admitted.  Therefore, the Court will exclude those counter-designations.

Furthermore, at the pretrial conference, Defendant objected that Plaintiffs included in their exhibits only excerpts of certain documents.  Defendant may move to introduce other portions of the document to the extent fairness requires it.  FRE 106 ("an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.").  Fairness does not necessarily require an entire document to be introduced.  As the Court will make clear in its post-trial order for written closing and/or written proposed findings and conclusions of law, the Court will not sift aimlessly through many thousands of pages of irrelevant portions of documents.  The Court expects the parties to submit the **relevant** portions of exhibits, along with portions **necessary** in fairness to

provide context. The Court will subsequently require the parties to propose **relevant, material factual assertions with pinpoint citations to the record.**

II.     **Objections to deposition testimony of Brian Beierwaltes (Doc. 666 at 1-11).**

Defendant filed objections to Brian Beierwaltes' deposition testimony.  The Court has reviewed the deposition and the objections. The Court addresses those objections as follows.

- Defendant generally objects that Mr. Beierwaltes' testimony is not relevant because he is an advertising and marketing witness, and Plaintiffs dismissed their express and implied warranty claim and negligent misrepresentation claim.  At the pretrial conference, Plaintiffs explained why his testimony was relevant to their remaining claims, including their negligence claim.  The Court finds Mr. Beierwaltes' testimony to be relevant and overrules Defendant's objection on this ground.

- Aside from relevancy, Defendant also asserts various objections on the ground of foundation, speculation, argumentative, cumulative, the document speaks for itself, and asked and answered. The Court has reviewed the transcript and the objections and overrules Defendant's objections.

- Defendant also objects that certain testimony relates to dissimilar products, and cites to their first motion in limine.  The Court denied Defendant's first motion in limine.

Defendant counter-designated certain lines in the Mr. Beierwaltes' deposition transcript, and Plaintiffs objected. The Court finds that many of Defendant's counter-designations of Mr. Beierwaltes are admissible under Rule 32(a)(6) for completeness. Fed. R. Civ. P. 32(a)(6); FRE 106. Most of these statements provided needed clarity to the designations provided by Plaintiffs.

However, the Court will exclude:

- Page 28:18-19;

- Page 29 through 30.

These pages are not necessary for admission under either FRCP 32(a)(6) or FRE 106. As to Plaintiffs' remaining objections to the counter-designations of Mr. Beierwaltes, the Court overrules them.

### III.   Defendant's objections to Plaintiffs' designations of deposition testimony for Volker Hildebrandt (Doc. 666 at 32).

The Court has reviewed the deposition transcript and Defendant's objections for Mr. Volker Hildebrandt. The Court generally overrules Defendant's objections.

However, the Court will exclude page 206:4-9, because as explained by Defendant, the witness is not familiar with deposition exhibit 13.

Defendant also counter-designated certain portions of the deposition. Because Mr. Volker is indicated as a "will-call" in the trial schedule in Defendant's case in chief, the Court will exclude Defendant's counter-designations.

### IV.   Defendant's objections to Plaintiffs' designation of the deposition testimony of Mark Spence (Doc. 666 at 23).

Defendant objects to certain deposition designations of Mr. Mark Spence, who is an employee or officer of Defendant. The Court generally overrules those objections. However, the Court will exclude the following from the October 10, 2019 deposition transcript:

- 41:19-42:18 as asked and answered, cumulative, and argumentative.

Defendant also asserts that certain page numbers from portions of the October 28, 2020 transcript are not relevant to Plaintiffs' theories. The Court takes these objections under advisement and will reserve ruling. A relevancy determination cannot be made until evidence is presented at trial.

Defendant also counter-designated certain portions of the deposition.  Because Mr. Spence is indicated as a "will-call" on the trial schedule in Defendant's case in chief, the Court will exclude Defendant's counter-designations, as explained above.

## V.      Plaintiffs' Amended Objections to Defendant's Deposition Designations for Robert Favors (Docs. 684, 685).

Plaintiffs object to certain depositions designations for Robert Favors. The Court generally overrules those objections.  However, the Court will exclude the following portions:

- 24:14-25:15 – evidence of remedial measures to prove negligence in violation of FRE 407.

- 112:15-113:09.  The Court excludes this question as counsel testifying.

- 119:15-12:12.  The Court may exclude this porition if Defendant does not show that this fact (i.e., that Felipe Martinez delegated responsibility to Larry Munn) is in evidence.

- 149:07-150:03; 154:13-16; 159:1-5; 182:22-25.  The Court already excluded evidence regarding seat belt usage in a prior order.  **Doc. 421.**  These portions are excluded to the extent they violate that order.

- 167:3-168:09. speculative, hypothetical, counsel testifying.

- 149:07-16; 153:9-13.  The Court excludes hypothetical questions to a lay witness, which violates Rule 701 (testimony of lay witness must be based on personal knowledge).

Defendant objected to Plaintiffs' amended counter-designations.  **Doc. 686 (objections); Doc. 685** (Plaintiffs' amended counter designations)**.**  The Court overrules the objections.

**VI.     Plaintiffs' objections to Defendant's deposition designations for Veena Singh. (Doc. 658).**

Plaintiffs objected to Defendant's Deposition Designations for Dr. Veena Singh.  **Doc. 658.** It is unclear whether the parties intend to present her deposition testimony, given that she will apparently testify at trial.  To the extent her deposition testimony is still relevant, the Court overrules Plaintiffs' objections.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**