IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

      Plaintiffs,

vs.                                          No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

      Defendant.

## ORDER OVERRULING OBJECTION TO WITNESS DR. MARK JENKINS

**THIS MATTER** comes before the Court upon Defendant's First Amended Objections to Plaintiffs' Trial Witness List (**Doc 660).** The Court heard argument on the objections at a pretrial conference on July 14, 2022. Although the Court ruled on some objections, the Court ordered supplemental briefing on the objection to Dr. Mark Jenkins. *See* **Doc. 687.** The Court asked the parties in part to explain whether Dr. Jenkins was properly disclosed. Plaintiff filed a response, and Defendant filed a reply. Having reviewed the parties' pleadings and argument, and the applicable law, the Court finds that Defendant's objection to Dr. Mark Jenkins is **NOT WELL-TAKEN** and is **OVERRULED.**

Defendant objected to Dr. Jenkins testifying as an expert and asserted he was not properly disclosed as a non-retained expert. **Doc. 660 at 2-3** ("Plaintiffs never disclosed Dr. Jenkins as a Non-Retained Expert in accordance with Rule 26(a)(2).").

Defendant previously moved to exclude certain non-retained (treating physician) expert witnesses. **Doc. 615 at 10**. In that document, Defendant expressly admitted that Dr. Jenkins was

properly disclosed. *See* **doc. 615 at 10** ("The only two providers from this list whom Plaintiffs properly disclosed during discovery are Drs. Jenkins and Freedman."). This admission was not a mere mistake but is consistent with how Defendant treated Dr. Jenkins' disclosure status. In the proposed pretrial order provided by the parties in April 2021, Plaintiff identified Dr. Jenkins and described as follows: "Mark Jenkins, M.D.- treating orthopedic surgeon who treated Mr. Martinez for his crash related arm injuries, has information about damages and the reasonableness and necessity of Mr. Martinez's treatment." **Doc. 692-1 at 2.** These are topics for a non-retained expert, and this description is sufficient to inform Defendant that Plaintiffs intended to use Dr. Jenkins' proposed non-retained expert testimony. As Defendant has acknowledged, a treating physician can only testify as to treatment and diagnosis as an expert, and not as a lay witness. Defendant objected to certain medical providers in the proposed pretrial order in April 2021 but did not object to Dr. Jenkins. **Doc. 692-1 at 4.** Therefore, the Court concludes that Defendant knew or should have known Dr. Jenkins would provide non-retained expert testimony. Nevertheless, Defendant waived its objection and/or expressly admitted that Dr. Jenkins was properly disclosed.

*Alternatively*, only to the extent Defendant has not admitted that Dr. Jenkins was properly disclosed, the Court concludes that Plaintiffs have shown that Dr. Jenkins was properly disclosed as a non-retained expert. The Court previously ruled on the admissibility of certain non-retained experts, such as treating physicians. **Doc. 635.** Because Defendant admitted that Dr. Jenkins was properly disclosed, it did not rule at that time on the admissibility of Dr. Jenkins. **Doc. 635 at 4.** Treating physicians are generally considered non-retained experts as they often testify based on specialized knowledge, FRE 701(c), 702, and their disclosure is governed by Fed. R. Civ. P. (a)(2)(C):

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). "Rule 26(a)(2)(C) disclosures are meant to define the scope of expert testimony so that an opposing party can be prepared to address the opinions proffered, not open up the testimony of any witness to include expert testimony so long as it has been disclosed somewhere in discovery." *Green Earth Wellness Center LLC v. Atain Speciality Insurance Company,* 2016 WL 632051 at *3 (D. Colo. 2016). This district requires that treating physicians' disclosures elucidate the "matter, facts, and opinions to which each physician will testify" in a manner that goes beyond generalities. *Pena v. Hawes*, No. CV 12-0622 WPL/RHS, 2013 WL 11554681, at *1 (D.N.M. Aug. 15, 2013). The disclosures must contain a level of specificity as to obviate the need to "sift through the medical records to attempt to figure out what each expert may testify to." *Ramirez v. Ultimate Concrete*, LLC, No. 13CV649 JCH/LAM, 2015 WL 12832341, at *2 (D.N.M. Feb. 10, 2015).

Parties must disclose any expert witness they intend to call at trial. *See* Fed. R. Civ. P. 26(a)(2). A party must provide expert disclosures "at the times and in the sequence that the court orders." *Harris v. Remington Arms Company, LLC*, 997 F.3d 1107, 1112 (10th Cir. 2021) (citing Fed. R. Civ. P. 26(a)(2)(D)). The Court previously directed that treating physicians must be disclosed by the Fed. R. Civ. P. 26(a)(2) deadline. *See* **Doc. 106** ("Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date."). Plaintiffs previously disclosed Dr. Jenkins without summarizing his expert testimony. **Doc. 692-3, Ex. 3**. However, on July 13, 2018, Plaintiffs filed their second

3

supplemental initial disclosure. **Doc. 692-5, Ex. 5**. It stated that "the injuries to his arm limit his ability to do physical labor. Mr. Martinez has spoken to Dr. Mark Jenkins… about the need to undergo a revision surgery." **Doc. 692-5, Ex. 5 at 8**. On February 14, 2019, Mr. Martinez submitted his first supplemental set of discovery answers. He explained that Dr. Jenkins was the orthopedic surgeon who treated Mr. Martinez's arm injury. Mr. Martinez explained that Dr. Jenkins had reevaluated him to assess the residual symptoms he was experiencing and determined they were caused by permanent nerve damage. **Doc. 692-6, Ex.6 at 5-6.** Based on the same or similar disclosures the Court has already found Dr. Quiroz was adequately disclosed. **Doc. 635 at 7.** Although Plaintiffs cited to these disclosures in their response (Doc. 692), Defendant has not argued these disclosures were untimely. As Defendant has expressly admitted, Plaintiffs adequately disclosed Dr. Jenkins as an expert witness.

Alternatively, to the extent any disclosure was untimely or not proper, it "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This decision is within the district court's discretion. *See F & H Coatings, LLC v. Acosta*, 900 F.3d 1214, 1223 (10th Cir. 2018); *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994)).

The Tenth Circuit has identified four factors a court should consider when deciding whether the failure to disclose an opinion is substantially justified or harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
> (2) the ability of the party to cure the prejudice;
> (3) the extent to which introducing such testimony would disrupt the trial; and
> (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company,* 170 F.3d 985, 993 (10th Cir. 1999).

Upon considering and weighing all *Woodworker's* factors, the Court concludes that Plaintiffs have shown that any untimely disclosure of Dr. Jenkins' expert testimony after the February 2018 deadline was substantially justified or harmless. As shown above, Defendant was not surprised or prejudiced as Plaintiffs adequately disclosed the non-retained expert opinion by 2019, several years before trial. As explained above, Defendant accepted this disclosure as adequate. Back in 2019, Defendant had the ability to cure any prejudice. As to the final factor, the Court finds there is no bad faith or willfulness.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**