IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

        Plaintiffs,

vs.                                              No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

        Defendant.

## ORDER REGARDING OBJECTIONS
## TO DEPOSITION DESIGNATIONS FOR JOSE PRIETO

**THIS MATTER** comes before the Court upon Plaintiffs' objections to Jose Prieto's Deposition Designations (**Doc. 657, 699**). Defendant intends to introduce deposition testimony of Jose Prieto in its case in chief. On July 21, 2022, Defendant filed amended deposition designations, in which it narrowed the portions of the deposition it intends to submit to the Court. **Doc. 697.** Defendant responded to Plaintiffs' objections, **Doc. 698**, and Plaintiffs filed objections to Defendant's amended designations. **Doc. 699**.

Plaintiffs objected to the deposition designations for Mr. Prieto, asserting that the entire deposition is hearsay, because Mr. Prieto is no longer a party opponent. **Doc. 657.** In response, Defendant does not argue that the party opponent exception to hearsay applies. Rather, Defendant argues that the deposition testimony is not hearsay because Mr. Prieto is an unavailable witness pursuant to Fed. R. Evid. 804(b). **Doc. 698.**

Rule 804 provides that the former testimony of a witness is not excluded as hearsay "if the declarant is unavailable as a witness." Fed. R. Evid. 804(b)(1). Defendant argues that Mr. Prieto is unavailable because he lives outside the Court's subpoena power. **Doc. 698.** Therefore, Defendant appears to assert that Mr. Prieto is unavailable because he "(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure… the declarant's attendance." Fed. R. Evid. 804(a)(5). "But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying." Fed. R. Evid. 804(a).

"The unavailability assessment often turns on the reasonableness of the [party's] effort to obtain a witness's attendance." *United States v. Nelson*, 801 F. App'x 652, 657 (10th Cir. 2020), *cting Cook v. McKune*, 323 F.3d 825, 835-36 (10th Cir. 2003). "This requires that the proponent demonstrate that a good faith effort was made to obtain the declarant's presence at trial using reasonable means." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1510 (10th Cir. 1991) (government failed to demonstrate good faith effort to use reasonable means in attempting to obtain witnesses' presence at trial). "The party wishing to introduce a deposition under this rule bears the burden of showing unavailability." *United States v. Eufracio–Torres,* 890 F.2d 266, 269 (10th Cir.1989), *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1192 (10th Cir. 2004). Residing outside of the Court's subpoena power does not automatically establish unavailability, as the proponent must also show it used "reasonable means" to obtain a declarant's attendance. *United States v. Mann*, 590 F.2d 361, 367 (1st Cir. 1978) ("Even where the absent witness is beyond the court's jurisdiction, the [party] must show diligent effort on its part to secure the (witness') voluntary return to testify.").

Here, Defendant argues the deposition testimony is not hearsay, because Mr. Prieto resides outside the Court's subpoena power.  But Defendant must also show that Mr. Prieto is unavailable by other reasonable means. FRE 804(a)(5) ("by process *or other reasonable means"*) (emphasis added).  Defendant has not cited to any case asserting that residing outside the subpoena power of the Court automatically renders a witness unavailable.  As explained above, the Tenth Circuit requires that Defendant show what reasonable means it used to obtain his testimony at trial.  Here, Defendant has not asserted what, if any means, it used to get Mr. Prieto to attend the trial.  Therefore, Defendant has not satisfied its burden of showing that Mr. Prieto is unavailable.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**