# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IRMA MARTINEZ, FELIPE MARTINEZ,
LARRY MUNN, JOSE PRIETO, and
LEE HUNT, *as personal representative
of the estate of Abel Portillo*, *deceased*,

      Plaintiffs,

vs.                                           No. 1:17-cv-00922-KWR-JFR

CONTINENTAL TIRE THE AMERICAS,
LLC, *An Ohio Limited Liability Company*

      Defendant.

## ORDER DIRECTING POST-TRIAL SUBMISSIONS

**THIS MATTER** comes before the Court following a two-week bench trial. The parties submitted multiple boxes of exhibits containing thousands of pages of proposed evidence, not all of which was ultimately admitted. Because of the voluminous record, the Court will order (1) written closing and (2) proposed findings of fact and conclusions of law (together, Post-Trial Submissions). The Post-Trial Submissions must be filed on the record within **thirty (30) days** of receipt of the trial transcript. The Post-Trial Submissions should be limited to discussing issues and facts material to the elements of each claim, and if those elements are satisfied, whether and to what extent the Court should award a money judgment.

All post-trial submissions should be grounded in the evidentiary record admitted at trial. Each fact in the Post-Trial Submissions and in particular, each proposed finding of fact, **shall pinpoint cite to admitted evidence** in support of argument. Pinpoint citations to documentary evidence must include the relevant exhibit number and page or line number (*e.g.,* Exhibit 14 at 350 of 1250; Exhibit 18 at 44, lines 2-4). Pinpoint citations to testimony should include the page

and line number within each transcript (*e.g.,* Doc. 702 at 34 of 250; Exhibit 12 (Deposition of John Smith) at 82, lines 14-20).  Citing to expansive page ranges (*e.g.,* Exhibit 14 at 350-370) or general information (*e.g.,* Testimony of Jane Smith on July 15, 2022) is not permitted.  Each party must narrowly tailor their pinpoint citations to include the exact passages that support each fact.  The Court will **only consider** factual assertions and evidence supported by a pinpoint cites that comply with this Order.

In light of the contentious trial atmosphere and the numerous objections, the parties are reminded to pay special attention to whether or not a particular statement or piece of evidence was admitted.  Reliance on evidence that was not admitted may be considered misleading the court.[1]  The parties are further reminded that post-trial briefing is **NOT** an opportunity to relitigate pretrial orders; reargue evidentiary rulings; or amplify the record.  When an evidentiary ruling was made at trial or on a motion in limine, it was based on the arguments and record before the Court at the time of the ruling.[2]

Finally, after trial the Court will file an exhibit list recording which exhibits were admitted at trial. The parties must object to any errors in the exhibit list within 14 days after receipt of the transcript.  These objections shall be limited to whether the Court correctly recorded the ruling.  The parties must cite to the transcript in their objection (*e.g.,* Exhibit A is listed as admitted, but the transcript proves it was in fact excluded at trial).  It is not an opportunity to revisit whether the evidentiary ruling was correct, or to amplify the evidentiary record.

**IT IS SO ORDERED**

---

[1] Of course, a party may point out the lack of evidence in support of an opposing party's' position.  Moreover, the parties submitted some depositions to the Court, and the Court reserved ruling on those objections in its Findings of Fact and Conclusions of Law.

[2] Nothing in this order limits a party's right to file an appropriate motion under the Federal Rules of Civil Procedure.  However, any such motion should be separate from the post-trial submissions ordered by the Court.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**